2013 ND 144

**Rebecca JENSEN, Plaintiff
and Appellee**

v.

**Roy JENSEN, Defendant
and Appellant.**

No. 20120450.

Supreme Court of North Dakota.

Aug. 29, 2013.

Bobbi B. Weiler, Bismarck, N.D., for plaintiff and appellee.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Roy Jensen appeals from a district court order denying his motion to amend a divorce judgment to modify primary residential responsibility for the parties' child. We reverse and remand for further proceedings, concluding Jensen established a prima facie case for modification and was entitled to an evidentiary hearing.

I

[¶ 2]   When Jensen and Rebecca Vettel, formerly Rebecca Jensen, divorced in 2004, they were awarded joint legal and physical custody of their daughter, R.J., who was born in 2001. The divorce judgment was amended in 2007 when R.J. began school, and Vettel was awarded primary physical custody and Jensen received visitation. At the time of the 2007 amendment, Vettel lived in Jamestown and Jensen lived at the Minot Air Force Base. In 2012, Vettel remarried and moved from Jamestown to Bismarck. In addition, Jensen had moved to a farm near Palermo.

[¶ 3]   In October 2012, Jensen moved to amend the judgment to change primary residential responsibility for R.J. and requested an evidentiary hearing. Jensen claimed there had been a material change

in circumstances warranting modification, and in supporting affidavits presented evidence that Vettel had remarried and relocated with R.J. to Bismarck; that R.J. had expressed a preference to live with him instead of her mother; that R.J. was often left home alone or with her half-brother for long periods; that R.J. was not properly supervised and was allowed to ride her bike around town or to the park alone; that R.J. had gotten lost in Bismarck and had called him, and eventually reached her stepfather by phone for directions home; that R.J. did not have family and friends in Bismarck; that R.J. disliked her new school and had made only one friend; that Vettel had failed to provide clean clothes for R.J.; and that Vettel did not allow R.J. to participate in extracurricular activities. Vettel responded to the motion with counter-affidavits challenging Jensen's allegations. The district court concluded that Jensen had "not shown sufficient evidence to warrant a finding of a prima facie case on these allegations" and that Jensen had "not made a prima facie case that RJ's preference to reside with him is based on RJ's maturity or that there are persuasive reasons for the preference." The court accordingly denied the motion without holding an evidentiary hearing, and Jensen appealed.

[¶ 4]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Jensen's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 5]   Jensen argues he was entitled to an evidentiary hearing because he established a prima facie case for modification of primary residential responsibility.

[¶ 6] When a modification of primary residential responsibility is sought more than two years after entry of the prior order establishing primary residential responsibility, the motion is governed by N.D.C.C. § 14–09–06.6(6), which provides:

The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

A material change in circumstances is an important new fact that was unknown at the time of the prior custody decision. *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331.

[¶ 7] The party seeking modification must initially establish a prima facie case justifying a modification:

A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

N.D.C.C. § 14–09–06.6(4).

[¶ 8] Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo. *E.g., Sweeney v. Kirby*, 2013 ND 9, ¶ 3, 826 N.W.2d 330; *Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331; *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. A prima facie case requires only enough evidence to allow the factfinder to infer the fact at issue and rule in the moving party's favor. *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Sweeney*, at ¶ 5. It is a "bare minimum," and requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if appealed. *Kartes*, at ¶ 9; *Sweeney*, at ¶ 5. Allegations alone, however, do not establish a prima facie case, and affidavits must include competent information, which usually requires the affiant to have first-hand knowledge. *Thompson*, at ¶ 6. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts. *Id.*

[¶ 9] In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations. *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Schumacker v. Schumacker*, 2011 ND 75, ¶ 8, 796 N.W.2d 636. The party opposing the motion may attempt to rebut a prima facie case by presenting evidence conclusively demonstrating the moving party is not entitled to a modification, but when the opposing party's evidence merely creates conflicting issues of fact, the court may not weigh the conflicting allegations when deciding whether a prima facie case has been established. *Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. Only when the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, may

the district court decide the moving party has not established a prima facie case and deny the motion without an evidentiary hearing. *Id.*

[¶ 10] This appeal is representative of a recent influx of cases in which district courts have engaged in weighing conflicts in the evidence presented in the competing affidavits to reach the conclusion that the moving party's evidence was insufficient to establish a prima facie case. These cases may be the result of a misinterpretation of our caselaw explaining the appropriate legal standard for the court's consideration of the opposing party's counter-affidavits.

[¶ 11] In the earliest cases interpreting the statutory adoption of the prima facie case requirement in modification cases, this Court clearly explained the district court could conclude that the moving party failed to present a prima facie case in only two circumstances: (1) if the opposing party's counter-affidavits conclusively establish that the allegations of the moving party have no credibility; or (2) if the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. *See, e.g., Tank v. Tank,* 2004 ND 15, ¶ 9, 673 N.W.2d 622; *Volz v. Peterson,* 2003 ND 139, ¶ 8, 667 N.W.2d 637; *O'Neill v. O'Neill,* 2000 ND 200, ¶ 5, 619 N.W.2d 855. Under this standard, the opposing party's counter-affidavits are relevant only to the extent they *conclusively* establish that the movant's allegations have *no* credibility.

[¶ 12] In some more recent cases, this Court has attempted to abbreviate the language spelling out the legal standard, which has perhaps led to a misperception that the Court was broadening the use of counter-affidavits to challenge the sufficiency of the evidence in the moving party's affidavits. For example, in *Kartes,* 2013 ND 106, ¶ 9, 831 N.W.2d 731, the Court said:

Unless the opposing party's counter-affidavits conclusively show the moving party's allegations have no credibility or are insufficient to justify modification of primary residential responsibility, an evidentiary hearing must be held to resolve conflicting evidence and determine whether a modification of primary residential responsibility is warranted.

*See also Miller v. Miller,* 2013 ND 103, ¶ 11, 832 N.W.2d 327; *Schumacker,* 2011 ND 75, ¶ 8, 796 N.W.2d 636. We did not, however, intend these restatements of prior caselaw to substantively change the legal standard governing use of counter-affidavits in modification cases. This language should not be read as an invitation to allow the opposing party through counter-affidavits to challenge the sufficiency of the evidence supporting the movant's allegations. It was never our intent to sanction mini-trials by affidavit in modification cases.

[¶ 13] We reiterate and clarify the standards guiding the district court's decision whether the moving party has established a prima facie case under N.D.C.C. § 14–09–06.6(4). If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

[¶ 14] The district court in this case concluded Jensen had not established a prima facie case of a material change in circumstances, stating: "Roy has not

shown sufficient evidence to warrant a finding of a prima facie case on these allegations." In reaching this conclusion, however, the court clearly weighed the conflicting evidence presented in the supporting and opposing affidavits rather than accepting the truth of Jensen's allegations. Jensen presented competent, admissible evidence which, if believed, showed that Vettel had remarried and moved to Bismarck with R.J., R.J. did not like her new school and did not have family or friends in Bismarck, and R.J. was left home alone for extended periods and often was without proper adult supervision. The court did not conclude that Jensen's allegations were not supported by competent evidence, that Vettel's counter-affidavits conclusively established Jensen's allegations had no credibility, or that Jensen's allegations were insufficient on their face, even if uncontradicted, to justify modification. Rather than focusing upon the sufficiency of Jensen's allegations on their face, the district court considered the contradictory evidence presented in Vettel's affidavits and concluded that Jensen's evidence of changed circumstances was insufficient to establish a prima facie case. In doing so, the court improperly weighed the conflicting evidence to determine sufficiency and effectively held a mini-trial by affidavit. Although the allegations in Vettel's counter-affidavits refute most of Jensen's allegations supporting his motion, they do not conclusively establish that Jensen's allegations have no credibility, but merely raise conflicting issues of fact. Accordingly, Vettel's affidavits do not provide a basis for the court to conclude Jensen failed to establish a prima facie case.

[¶ 15] Applying our de novo standard of review, we conclude Jensen established a prima facie case for modification and was entitled to an evidentiary hearing. Jensen's affidavits included evidence that Vettel had remarried and relocated with R.J. from Jamestown to Bismarck to live with her new husband. This Court has long recognized that a move by a parent with primary residential responsibility, particularly when coupled with the parent's remarriage, may constitute a material change in circumstances. *See, e.g., Frey v. Frey*, 2013 ND 100, ¶ 8, 831 N.W.2d 753; *State v. Neustel*, 2010 ND 216, ¶ 8, 790 N.W.2d 476; *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924. A parent's remarriage and relocation to a new city not only require the child to face a new family dynamic, but also to lose her existing support system of family and friends. Jensen also presented evidence that R.J. did not like her new school and did not have family or friends in Bismarck. In addition, Jensen presented evidence that R.J. was not receiving appropriate adult supervision, including being left home alone for extended periods and being allowed to ride her bike around Bismarck alone. We conclude this evidence established a prima facie case of a material change in circumstances that could justify a modification, thus warranting an evidentiary hearing.

### III

[¶ 16] Jensen contends the district court erred in concluding that he had "not made a prima facie case that RJ's preference to reside with him is based on RJ's maturity or that there are persuasive reasons for the preference."

[¶ 17] A child's preference to live with one parent can constitute a material change in circumstances to justify a change in primary residential responsibility if there are persuasive reasons for that preference. *E.g., Frison v. Ohlhauser*, 2012 ND 35, ¶ 7, 812 N.W.2d 445; *Lechler v. Lechler*, 2010 ND 158, ¶ 11, 786 N.W.2d 733. The district court in this case concluded, however, that R.J.'s preference did not constitute a material change in circum-

**824**

stances because it was not based upon her maturity or persuasive reasons.

[¶ 18] Because we are reversing and remanding for an evidentiary hearing, Jensen will have another opportunity, if he desires, to present evidence of the child's preference. *See Kartes,* 2013 ND 106, ¶ 21, 831 N.W.2d 731 (once a prima facie case is established, "the slate is wiped clean and the parties are put to their proof on all factual issues raised in the motion to modify primary residential responsibility"). Rather than relying upon R.J.'s August 2012 affidavit for evidence of her preference, the parties will have the opportunity to present current evidence relating to her preference. In particular, we note that the child is now nearly a year older and has experienced life in her new home, new school, and new city for an extended period, rather than for only a few weeks, as was the case at the time of her earlier affidavit. The child's maturity level and her preference may well have changed since August 2012.

[¶ 19] Because we are reversing and remanding for further proceedings, we find it unnecessary to address the child's preference on this appeal.

IV

[¶ 20] We conclude Jensen established a prima facie case for modification and was entitled to an evidentiary hearing, and we reverse and remand for further proceedings.

[¶ 21] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

MARING, Justice, dissenting.

[¶ 22] I, respectfully, dissent. I am of the opinion the majority opinion misapplies the law and Jensen did not establish a prima facie case justifying a modification of primary residential responsibility.

[¶ 23] The majority correctly explains that a party seeking modification in primary residential responsibility is entitled to an evidentiary hearing on the matter *only if* the movant establishes a prima facie case justifying the modification. *See* N.D.C.C. § 14–09–06.6(4); *Dietz v. Dietz,* 2007 ND 84, ¶ 9, 733 N.W.2d 225. "A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Dietz,* at ¶ 11. To support a prima facie case, the moving party must present sufficient evidentiary facts, which, if uncontradicted, would support a change of primary residential responsibility that could be affirmed on appeal. *See Lawrence v. Delkamp,* 2003 ND 53, ¶ 8, 658 N.W.2d 758; *Helbling v. Helbling,* 541 N.W.2d 443, 445 (N.D.1995). In addition, however, this Court has said:

> "[A]llegations alone do not establish a prima facie case, affidavits *must include competent information,* which usually requires the affiant to have first-hand knowledge, and witnesses are generally not competent to testify to suspected facts. *Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.*"

*Thompson v. Thompson,* 2012 ND 15, ¶ 6, 809 N.W.2d 331 (emphasis added) (quoting *Ehli v. Joyce,* 2010 ND 199, ¶ 7, 789 N.W.2d 560); *see also Miller v. Miller,* 2013 ND 103, ¶ 6, 832 N.W.2d 327; *Tank v. Tank,* 2004 ND 15, ¶ 56, 673 N.W.2d 622 (Sandstrom, J., dissenting) (opining that "[a]ffidavits fail to establish a prima facie case when they are not competent, they do not show a basis of actual personal knowledge, or they are conclusory, stating conclusions without the support of evidentiary facts").

[¶ 24] In order to find in favor of the movant, the trial court is governed by N.D.C.C. § 14–09–06.6(6), which provides the party seeking modification in primary residential responsibility must show: (1) there has been a material change in circumstances and (2) modification of primary residential responsibility is necessary to serve the child's best interests. *Miller*, 2013 ND 103, ¶ 6, 832 N.W.2d 327. "[A] 'significant change in circumstances' is one that 'so adversely affects the child that custody should be changed,' *Blotske v. Leidholm*, 487 N.W.2d 607, 609 (N.D.1992), and 'so adversely affects the child that a change of custody is necessary.' *Alvarez [v. Carlson]*, 524 N.W.2d [584,] 589 [ (N.D. 1994) ]." *Kelly v. Kelly*, 2002 ND 37, ¶ 46, 640 N.W.2d 38 (Maring, J., concurring in the result). Therefore, under N.D.C.C. § 14–09–06.6(6), the material change must be more than a mere presentation of new facts that were unknown at the time the last primary residential responsibility order was entered; the change must be significant and must adversely impact the child's well-being. *See Kelly*, at ¶ 46 (Maring, J., concurring in the result); *see also Blotske*, 487 N.W.2d at 609; *Alvarez*, 524 N.W.2d at 589. The same evidentiary facts must be shown to establish a prima facie case for an evidentiary hearing to be granted. The majority opinion misapplies the law by failing to address whether the affidavits of Jensen present competent evidentiary facts that support a material change in circumstances "is necessary to serve the best interest of the child," under N.D.C.C. § 14–09–06.6(6)(b).

[¶ 25] This Court reviews de novo whether a party established a prima facie case justifying modification in primary residential responsibility. *Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331. Here, Jensen moved for modification of primary residential responsibility. In his affidavit in support of his motion, Jensen stated the following facts supported his motion for modification: Vettel recently married a man she had only dated for a short time, Vettel moved from Jamestown to Bismarck with R.J., R.J. wants to live with Jensen, Vettel buys R.J. second-hand clothing while buying herself new clothes, Vettel spends little quality time with R.J., and Vettel infrequently washes R.J.'s clothing.

[¶ 26] There is no dispute Vettel remarried and relocated with R.J. from Jamestown to Bismarck and these facts may constitute a material change in circumstances. *See Dietz*, 2007 ND 84, ¶ 13, 733 N.W.2d 225. However, to establish a prima facie case, Jensen had to provide competent evidentiary facts showing these changes compel a change in residential responsibility because they adversely affect the child. *See Blotske*, 487 N.W.2d at 609; *Alvarez*, 524 N.W.2d at 589. Most of Jensen's significant allegations are conclusory or lack firsthand knowledge and may not be considered as competent evidence. *See Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331 (holding affidavits must include competent evidence and "[a]ffidavits are not competent if they fail to show a basis for actual person knowledge, or if they state conclusions without the support of evidentiary facts"). Although Jensen has provided multiple affidavits to support his allegations, a majority of the allegations are not based on firsthand knowledge. Rather, most of the significant allegations are conclusory or based on inadmissible hearsay. Jensen makes broad, generalized conclusions without a sufficient evidentiary basis showing actual firsthand knowledge with regard to the following: Vettel buys second-hand clothing for R.J. and keeps the child support money for her own pleasure; Vettel spends very little, if any, quality time with R.J., who is often left home alone to watch television or play on the computer; Vettle leaves R.J. home

alone on a regular basis, sometimes for extended periods of time, allowing R.J. to ride her bike by herself and walk to school by herself; Vettle badmouths Jensen to R.J., constantly making comments to R.J. that Jensen smothered her when she was little and that Jensen spends all of his money on himself; Vettel has had five different boyfriends who have spent the night when R.J. was present; Vettel infrequently washes R.J.'s clothing and her clothing is often soiled and smells; and R.J. was enrolled in a gifted education program in Jamestown, but "[Jensen] is not aware of any similar program in Bismarck." Because these facts are conclusory and not supported by a factual basis establishing Jensen's firsthand knowledge, this Court should not consider them for purposes of establishing a prima facie case.

[¶ 27] Further, Jensen failed to show on the face of his affidavit that any of the facts alleged, specifically Vettel's remarriage or relocation to Bismarck, adversely affect R.J.'s well-being justifying a modification in primary residential responsibility. In this case, Jensen failed to establish any facts showing R.J. does not get along with her step-father or her mother, R.J.'s school work is suffering, or R.J. is otherwise suffering physical or emotional harm from the relocation or remarriage. I am of the opinion Jensen has not established a prima facie case justifying modification because he failed to provide a competent affidavit supported by firsthand knowledge with specific and detailed evidentiary facts establishing significant changes in R.J.'s circumstances that adversely impact R.J.'s well-being.

[¶ 28] Jensen submitted an affidavit of R.J. in support of his motion, wherein R.J. states she would like to live with her dad. "A *mature* child's *reasonable preference* to live with a particular parent may constitute a material change in circumstances to justify a change in primary residential responsibility if there are *persuasive reasons for that preference.*" *Miller*, 2013 ND 103, ¶ 6, 832 N.W.2d 327 (emphasis added) (citing *Frison v. Ohlhauser*, 2012 ND 35, ¶ 7, 812 N.W.2d 445; *Lechler v. Lechler*, 2010 ND 158, ¶ 11, 786 N.W.2d 733).

[¶ 29] Here, R.J. is ten years old. In her affidavit, she indicates she does not like the kids at her new school, wants to go to a smaller school, does not like Bismarck, her mom does not buy her clothes for school, she gets "along okay" with her mom but gets along better with her dad, and her mom works from 6:00 a.m. to 2:00 p.m.

[¶ 30] R.J.'s reasons for wanting to live with Jensen are not persuasive reasons for a change in primary residential responsibility. *See Miller*, 2013 ND 103, ¶ 13, 832 N.W.2d 327 (affirming the trial court's finding B.P.M.'s reasons for preferring to live with his father were not persuasive).

[¶ 31] Based on this record, I believe the majority opinion, at ¶ 16, improperly applies this Court's law in determining whether Jensen established a prima facie case justifying an evidentiary hearing. Jensen failed to establish a factual basis for his personal knowledge of the facts alleged and made conclusory statements without supporting evidentiary facts. *See Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331; *see also Miller*, 2013 ND 103, ¶ 6, 832 N.W.2d 327; *Tank*, 2004 ND 15, ¶ 56, 673 N.W.2d 622 (Sandstrom, J., dissenting) (opining that "[a]ffidavits fail to establish a prima facie case when they are not competent, they do not show a basis of actual personal knowledge, or they are conclusory, stating conclusions without the support of evidentiary facts"). Moreover, Jensen failed to establish how any of the alleged facts adversely impact R.J.'s well-being. *See Blotske*, 487 N.W.2d at 609; *Alvarez*, 524 N.W.2d at 589.

[¶ 32]   We cannot lower the evidentiary threshold for establishing a prima facie case by giving conclusory allegations not supported by the affiant's firsthand knowledge the weight of a prima facie case. Further, an affiant must not only establish a change in circumstances, but establish by competent evidentiary facts in the affidavit that the change is material such that it adversely impacts the child's well-being to establish a prima facie case. Therefore, I am of the opinion the majority misapplied our legal standard to the facts of this case, and Jensen failed to establish a prima facie case justifying an evidentiary hearing. I would affirm the trial court's order denying Jensen's motion for modification and request for an evidentiary hearing.

[¶ 33]   MARY MUEHLEN MARING