2015 ND 229

**Dusty GRIGG, Plaintiff and Appellee**

v.

**Damon GRIGG, Defendant and Appellant.**

**No. 20140403.**

Supreme Court of North Dakota.

Sept. 17, 2015.

Gregory W. Liebl (argued) and Luke T. Heck (on brief), Fargo, N.D., for plaintiff and appellee.

Faron E. Terry, Minot, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Damon Grigg appeals from a district court order denying his motion to modify primary residential responsibility. We reverse and remand, concluding Grigg established a prima facie case for modification warranting an evidentiary hearing.

I

[¶ 2] In March 2010, Damon Grigg and Dusty Lemke, formerly known as Dusty Grigg, were divorced. The district court awarded primary residential responsibility of the couple's three children to Lemke, reasonable parenting time to Grigg, and joint decision-making to both parties. Shortly after the divorce was final, Lemke and the children moved from Bottineau to live with her father and stepmother in Cando.

[¶ 3] In 2014, Grigg moved to amend the divorce judgment to modify primary residential responsibility for the children and amend the parenting time provisions, and he requested an evidentiary hearing. Grigg argued there had been a material change in circumstances warranting modification and, in a supporting affidavit, alleged the children's health and well-being have deteriorated since they were moved to Cando; Lemke has deprived Grigg of parenting time and interfered with his ability to communicate with the children by taking away their electronic devices; Lemke does not provide the children proper care, support, or medical treatment; and Lemke allows her father to torment their middle child, whose performance at school is deteriorating as a result of Lemke's failure to provide the necessary medication and support the child needs. Lemke submitted counter-affidavits and other supporting evidence challenging

Grigg's allegations. The district court concluded Grigg's allegations had "no credibility and on their face [were] insufficient" and he had failed to establish a prima facie case justifying modification because he failed to show that a material change of circumstances had occurred or that "the best interests of the children would be served by a residential responsibility change." Without ruling on Grigg's alternative motion to amend the parenting time provisions, the district court dismissed with prejudice Grigg's request for an evidentiary hearing on whether modifying primary residential responsibility would be necessary.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] On appeal, Grigg argues the district court erred as a matter of law in denying him an evidentiary hearing on his motion to modify primary residential responsibility. He argues he was entitled to an evidentiary hearing because he established a prima facie case for modification of primary residential responsibility.

[¶ 6] When a modification of primary residential responsibility is sought more than two years after entry of the prior order establishing primary residential responsibility, the motion is governed by N.D.C.C. § 14–09–06.6(6), which provides:

The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were

unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interests of the child.

[¶ 7] A material change in circumstances is defined as "an important new fact that was unknown at the time of the prior custody decision." *Jensen v. Jensen*, 2013 ND 144, ¶ 6, 835 N.W.2d 819 (citations omitted). " 'To determine whether modifying primary residential responsibility is necessary to serve the best interests of the child, the district court must consider the applicable N.D.C.C. § 14–09–06.2(1) factors.' " *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716 (quoting *Vining v. Renton*, 2012 ND 86, ¶ 17, 816 N.W.2d 63).

[¶ 8] Under N.D.C.C. § 14–09–06.6(4), the moving party must initially establish a prima facie case warranting a modification:

A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

[¶ 9] Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which we review de novo. *Jensen*, 2013 ND 144, ¶ 8, 835 N.W.2d 819; *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331. "A prima facie case requires only enough evidence to allow the factfinder to infer the fact at issue and rule

in the moving party's favor." *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731 (citing *Sweeney v. Kirby*, 2013 ND 9, ¶ 5, 826 N.W.2d 330). We have stressed that proving a prima facie case "is a 'bare minimum,' and requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if appealed." *Jensen*, at ¶ 8; *see also Kartes*, at ¶ 9; *Sweeney*, at ¶ 5. A prima facie case must be proved with affidavits including "competent information, which usually requires the affiant to have first-hand knowledge." *Jensen*, at ¶ 8. Affidavits will not be competent if "they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Thompson*, at ¶ 6.

[¶ 10] "In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations and may not weigh conflicting allegations." *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731. We reiterated the standards guiding a district court's decision as to whether a moving party has established a prima facie case in *Jensen*:

If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively establish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

2013 ND 144, ¶ 13, 835 N.W.2d 819.

[¶ 11] In the present case, Grigg claims he established a prima facie case for

modification of primary residential responsibility warranting an evidentiary hearing because he presented sufficiently serious allegations, supported by affidavit and exhibits. Although a majority of his allegations are conclusory in nature and unsupported by any evidentiary facts, Grigg raises allegations capable of establishing a prima facie case under N.D.C.C. § 14–09–06.6(4).

[¶ 12] Grigg first alleges the parties' children are suffering in response to their move to Cando and Lemke fails to keep him informed about matters concerning the children's physical and mental well-being. Specifically, Grigg claims the parties' oldest child has experienced a significant decline in her emotional and mental health since moving to Cando with Lemke. Grigg alleges in his affidavit that although she is performing poorly in school, suffering from depression, and in need of counseling, Lemke has failed to properly facilitate the necessary counseling or to keep him informed of her need for it. Grigg alleges Lemke brought the child to counseling without his knowledge and then failed to ensure she continued to attend. In support of his allegations, Grigg provided a letter from Lake Region Human Services regarding the therapeutic services the child had received and her need for continued counseling services. According to the letter, she was referred for a psychological evaluation regarding her depressive symptoms, but she did not attend the scheduled evaluation. Because Lemke did not cooperate with Human Services and failed to arrange individual therapeutic sessions for the child, the letter states Human Services closed the case. Grigg therefore argues a material change in circumstances occurred which justifies modification of primary residential responsibility.

[¶ 13] In response, Lemke submitted a counter-affidavit with supporting exhibits, arguing Grigg's allegations are entirely false. For example, along with her affidavit, Lemke provided the oldest child's report card and examples of her schoolwork and argues she is performing adequately in her schooling. Lemke insists Grigg's accusation that their daughter was failing two classes is not true, as evidenced by the girl's report card, which shows the child doing poorly but not actually failing. She also failed to explain why she did not inform Grigg of the child's need for counseling or why she did not consult with Grigg in deciding whether to facilitate further counseling for her.

[¶ 14] In addition, Grigg alleges a material change in circumstances has occurred because of Lemke's continued interference with his parenting time. In his affidavit, Grigg alleges Lemke interfered with his parenting time during the Easter holiday by requiring him to return the children to her on the afternoon of Easter Sunday, depriving him of time with the children. Moreover, Grigg alleges Lemke allowed their oldest daughter to go camping with Lemke's parents during Grigg's scheduled visitation. Although Grigg does not provide exact dates as to when this allegedly occurred, Lemke's counter-affidavit admits that she did in fact allow their daughter to go camping one weekend instead of going to see Grigg. Lemke insists, however, that Grigg had given their daughter permission to go camping and was aware that he would miss some visitation time with her. Although Grigg did not raise it to the district court, the record reflects Lemke's history of interfering with Grigg's parenting time. In March 2012, Lemke was held in contempt of court for her "willful denial of parenting time" and was warned that "any further conduct detrimental to the best interests of [the] children w[ould] not be tolerated."

[¶ 15] In denying Grigg's motion to amend the divorce judgment to change primary residential responsibility, the district court did not specifically address the allegations presented in Grigg's affidavit; instead it made a summary determination Grigg had failed to establish a prima facie case, stating:

> The material change of circumstances and best interests evidence offered by the father in his affidavit involve numerous allegations against the mother. Plaintiff mother responds by Affidavit to each of the father's allegations with denial, assertions of father's untrue statements, and/or reasonable explanations.
>
> After review of all the documents filed, this Court conclusively finds the father's allegations have no credibility and on their face are insufficient. The court concludes that the defendant has failed to establish a prima facie case that a material change of circumstances has occurred and/or that the best interests of the children would be served by a residential responsibility change. No evidentiary hearing will be held on any change of residential responsibility change.
>
> The motion is dismissed with prejudice.

Because of these conclusory findings in the district court's order, our ability to review this case is significantly hampered. *See Hankey v. Hankey*, 2015 ND 70, ¶ 13, 861 N.W.2d 479. Although the court's rationale for its ultimate determination that Grigg failed to present a prima facie case justifying a modification of residential responsibility is unclear, the court's reasoning shows it weighed the conflicting evidence and engaged in an impermissible "mini-trial by affidavit," relying on Lemke's affidavits to weigh and resolve conflicts in the evidence. *See Jensen v. Jensen*, 2013 ND 144, ¶¶ 12, 14, 835 N.W.2d 819 (a district court cannot conduct a mini-trial by affidavit to weigh conflicting evidence to determine the sufficiency of a moving party's allegations).

[¶ 16] We have made it clear that district courts are prohibited from weighing conflicts in the evidence presented in competing affidavits to reach the conclusion that the moving party's evidence is insufficient to establish a prima facie case for modification of residential responsibility. *See Anderson v. Jenkins*, 2013 ND 167, ¶ 14, 837 N.W.2d 374; *Charvat v. Charvat*, 2013 ND 145, ¶ 15, 835 N.W.2d 846; *Jensen*, 2013 ND 144, ¶¶ 12, 14, 835 N.W.2d 819. Instead, when a moving party's allegations are supported by competent, admissible evidence, courts must "accept the truth of the moving party's allegations and may conclude the moving party failed to establish a prima facie case *only if* the opposing party's counter-affidavits 'conclusively establish that the moving party's allegations have no credibility' or the moving party's allegations are 'insufficient on their face' to justify a modification, even if uncontradicted." *Anderson*, at ¶ 12 (quoting *Jensen*, at ¶ 13) (emphasis added).

[¶ 17] Here Grigg presented competent, admissible evidence which, if believed, showed the parties' oldest child has experienced a significant decline in her emotional and mental health since moving to Cando with Lemke, Lemke has failed to properly facilitate the necessary counseling or keep him informed of the child's need for counseling, and Lemke has interfered with Grigg's parenting time. We have held such allegations are sufficient to raise a prima facie case for change of custody, entitling the movant to an evidentiary hearing. *See Tank v. Tank*, 2004 ND 15, ¶ 21, 673 N.W.2d 622 ("Allegations, supported by affidavit, demonstrating a custodial environment that may be endan-

gering the children's physical or mental health, are sufficient to raise a prima facie case for change of custody....."); *Schroeder v. Schroeder*, 2014 ND 106, ¶ 14, 846 N.W.2d 716 ("[A]llegations of parental frustration of parenting time may be a basis to grant an evidentiary hearing."). In denying Grigg's motion to modify residential responsibility, however, the district court improperly weighed the conflicting evidence presented by the parties to resolve conflicts and assess credibility, despite the fact that Grigg's allegations were supported by personal knowledge or evidentiary facts. The court failed to accept the truth of Grigg's allegations and instead incorrectly determined Grigg's allegations had "no credibility" and were "insufficient" on their face to justify modification.

[¶ 18] Grigg's supporting affidavits and exhibits presenting competent, admissible evidence that a material change had occurred to justify a modification of residential responsibility were not conclusively refuted by Lemke's counter-affidavits or insufficient to justify modification. Therefore, under our de novo standard of review, we conclude Grigg established a prima facie case for modification and was entitled to an evidentiary hearing.

### III

[¶ 19] In denying Grigg's motion to amend the divorce judgment to modify primary residential responsibility, the district court also failed to rule on the alternative motion to amend the parenting time and improperly purported to dismiss "with prejudice," apparently to preclude future such motions to modify primary residential responsibility. Because of our disposition of this appeal, it is unnecessary to address this matter further.

### IV

[¶ 20] We conclude Grigg established a prima facie case for modification and was entitled to an evidentiary hearing. Lemke's request for attorney's fees is denied. We reverse the district court order and remand for further proceedings.

[¶ 21] GERALD W. VANDE WALLE, C.J., and LISA FAIR McEVERS, J., concur.

We concur in the result, CAROL RONNING KAPSNER and DANIEL J. CROTHERS, JJ.