2016 ND 12

**Lindsay FORSTER (n/k/a Lindsay Seitz), Plaintiff and Appellee**

v.

**Adam FLAAGAN, Defendant and Appellant.**

**No. 20150207.**

Supreme Court of North Dakota.

Jan. 14, 2016.

Berly D. Nelson, Fargo, ND, for plaintiff and appellee.

Jacey L. Johnston, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶1] Adam Flaagan appealed from a district court order denying his motion to modify primary residential responsibility without an evidentiary hearing. We reverse and remand.

I

[¶2] Adam Flaagan and Lindsay Forster, now known as Lindsay Seitz, are the parents of J.F.F., a minor child. A 2010 judgment awarded Forster primary residential responsibility and awarded Flaagan parenting time. Under the judgment, Flaagan's parenting time decreased when J.F.F. started school in fall 2014. In May 2015, Flaagan moved the district court to modify Forster's primary residential responsibility, claiming a material change in J.F.F.'s circumstances occurred since entry of the 2010 judgment.

[¶3] Flaagan offered an affidavit in support of this motion. In the affidavit, Flaagan alleged J.F.F. exhibited increasingly problematic behavior as the school year progressed, leading to poor grades and struggles in school. To support these allegations, Flaagan included exhibits from J.F.F.'s teacher elaborating on J.F.F.'s behavioral struggles and declining academics. Flaagan alleged these behavioral problems do not occur when J.F.F. is in his care and have occurred with increasing frequency since his parenting time decreased. Flaagan further alleged this increasingly problematic behavior directly correlates with the increased amount of time J.F.F. spends under Forster's care. To support these allegations, Flaagan cited exhibits from J.F.F.'s teacher outlining how J.F.F.'s behavioral issues have occurred with increased frequency throughout the school year. Flaagan also alleged J.F.F. uses obscene language and J.F.F. appeared tired, hungry, and had skin rashes at the beginning of Flaagan's parenting

time. Additionally, Flaagan alleged J.F.F. has nightmares and eats junk food. To support these allegations, Flaagan attested to his personal experiences. In the brief filed in support of his motion, Flaagan also asserted Forster married and had two other children, both of whom are younger than J.F.F., since entry of the 2010 judgment.

[¶ 4] In the affidavit, Flaagan also contended a change in living arrangements would be in J.F.F.'s best interest. Flaagan alleged J.F.F. does better academically while in his care because he supervises J.F.F.'s completion of homework assignments and J.F.F. does not appear to have any academic problems during his parenting time. Flaagan alleged Forster is unwilling to address the day-to-day issues potentially causing J.F.F.'s behavioral issues. Flaagan also alleged he can provide a stable home environment that helps deal with J.F.F. when he acts out, which Flaagan alleged does not happen while J.F.F. is in his care. Flaagan alleged this stability would help identify the impetus of J.F.F.'s behavioral problems and could potentially help rectify the increasingly problematic behavioral issues.

[¶ 5] After considering the motion and affidavit, the district court concluded Flaagan failed to establish a prima facie case justifying a modification in residential responsibility. The court concluded Flaagan failed to establish J.F.F. experienced a material change in circumstances because all of the circumstances cited by Flaagan, except J.F.F.'s behavioral issues, were not material in this case. With respect to the behavioral issues, the court concluded Flaagan failed to establish a nexus between J.F.F.'s behavioral changes and any material change in his circumstances because Flaagan failed to provide facts establishing J.F.F. would not have otherwise exhibited such behavior but for Forster's parenting and home environment. The court also concluded Flaagan failed to establish modification would be in J.F.F.'s best interests because Flaagan failed to provide information concerning where J.F.F. would reside if placed in his care. Because Flaagan failed to establish a prima facie case for his motion, the court denied Flaagan's motion without an evidentiary hearing.

## II

[¶ 6] On appeal, Flaagan argues the district court erred in dismissing his motion without an evidentiary hearing because he established a prima facie case justifying modification. "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo." *Jensen v. Jensen*, 2013 ND 144, ¶ 8, 835 N.W.2d 819.

[¶ 7] Because Flaagan sought modification more than two years after the 2010 judgment, N.D.C.C. § 14–09–06.6(6) applies. Under this subsection, a court may modify residential responsibility if:

    a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

    b. The modification is necessary to serve the best interest of the child.

N.D.C.C. § 14–09–06.6(6). After a party moves for modification, the "court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14–09–06.6(4). This prima facie standard "is a 'bare minimum,' and requires only facts which, if proved at an evidentiary hearing, would support a

change of primary residential responsibility that could be affirmed if appealed." *Jensen*, at ¶ 8 (quoting *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731). Any allegations or conclusions made by the movant must be accompanied by affidavits containing competent information. *Id.* Competent information "usually requires the affiant to have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Id.* (internal citation omitted).

[¶ 8] In determining whether a movant made a prima facie showing, a court must assume the truth of the movant's allegations if based on competent information. *Kartes*, at ¶ 9. Although a court must assume the veracity of the movant's allegations for prima facie purposes, the non-moving party may offer competent information rebutting the movant's allegations. *Jensen*, at ¶ 13. When the non-moving party offers such information, the court cannot weigh any conflicting information, and unless the rebutting information "conclusively establish[es] the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations." *Id.* In recent years, we have considered a number of appeals in which "district courts have engaged in weighing conflicts in the evidence presented in the competing affidavits to reach the conclusion that the moving party's evidence was insufficient to establish a prima facie case." *Id.* at ¶ 10. We again emphasize:

> If the moving party's allegations are supported by competent, admissible evidence, the court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving

party's allegations are insufficient on their face, even if uncontradicted, to justify modification.

*Id.* at ¶ 13 (emphasis contained in original). This disallows "mini-trials by affidavit in modification cases" and precludes a court from requiring the movant to establish a case for modification in order to establish a prima facie case for modification. *Id.* at ¶ 12.

[¶ 9] Here, the district court concluded "[Flaagan] has failed to establish that a material change has occurred in the circumstances of the parties or that modification of primary residential responsibility is in J.F.F.'s best interests." Flaagan argues the district court erred in dismissing his motion because the court, in essence, required him to establish his case for modification in order to establish his prima facie case for modification. We agree.

### A

[¶ 10] The district court concluded Flaagan failed to establish a material change in J.F.F.'s circumstances occurred. The marriage of a parent may constitute a material change in circumstances. *See Frueh v. Frueh*, 2008 ND 26, ¶ 12, 745 N.W.2d 362 (noting the "remarriage of a parent ... may constitute a material change of circumstances that would be sufficient to raise a prima facie case for change of custody...."). A change in a child's behavior may also be considered in determining whether a material change in circumstances occurred. *See Reinecke v. Griffeth*, 533 N.W.2d 695, 698–99 (N.D.1995); *Hagel v. Hagel*, 512 N.W.2d 465, 468 (N.D.1994). In his motion, Flaagan alleged J.F.F. has experienced behavioral problems. To support this allegation, Flaagan included exhibits to his affidavit evidencing such problems. Although not included within the affidavit,

Flaagan argued in his brief to the district court that Forster married and had two additional children since the 2010 judgment. Forster argues we should not consider these factors because of Flaagan's failure to include these factors within his affidavit. However, Forster admitted she married and had additional children since the original judgment in her response affidavit. Additionally, her affidavit noted J.F.F. has had behavioral problems since the original judgment. Because Forster's marriage may qualify as a material change in circumstance, a decline in a child's behavior is a legitimate consideration in whether a change in circumstances occurred, and Flaagan provided uncontroverted information in these respects, we must assume the veracity of Flaagan's allegations. We conclude, under our de novo review, Flaagan made a prima facie showing that a material change has occurred in J.F.F.'s circumstances.

[¶ 11] Nevertheless, the district court concluded Forster's marriage and additional children were not material under these facts. Forster argues the same on appeal. Whether an alleged change in circumstance is material depends upon the particularities of a given case. *See Siewert v. Siewert*, 2008 ND 221, ¶ 17, 758 N.W.2d 691 (noting "not every change [in circumstance] will be sufficient to warrant a change of custody."). Because Flaagan supported his allegations with competent and uncontroverted information, the district court could disregard his allegations if Forster conclusively established these changes were not material. *Jensen*, at ¶ 9. The district court did not make a conclusion to this effect and, although Forster offered an affidavit containing allegations contradicting those set forth by Flaagan, "[a] prima facie case is not rebutted by evidence that merely creates conflicting issues of fact . . . ." *Schroeder v. Schroeder,*

2014 ND 106, ¶ 9, 846 N.W.2d 716. With its conclusion the alleged changes in circumstance were not material, the district court weighed conflicting issues of fact concerning how Forster's marriage and additional children potentially impacted J.F.F. The prima facie determination is not the proper venue for resolving this disputed issue of fact. *Schumacker v. Schumacker*, 2011 ND 75, ¶ 12, 796 N.W.2d 636 (noting "[a]n evidentiary hearing is the proper forum for the parties to resolve the factual disputes."). Accordingly, the district court erred in determining Flaagan failed to establish a prima facie case because a disputed issue of fact exists concerning whether Forster's marriage and additional children constitute a material change in J.F.F.'s circumstances. The court is to resolve this disputed issue of fact after an evidentiary hearing.

B

[¶ 12] The court also concluded Flaagan failed to establish modification of primary residential responsibility would be in J.F.F.'s best interests. "To determine whether modification is necessary to serve the best interests of the child, the court must consider the factors set out in N.D.C.C. § 14–09–06.2(1)." *Kartes*, at ¶ 34. Among other considerations, the court is to consider each parent's ability to provide for the child's developmental needs and the sufficiency and stability of each parent's home. N.D.C.C. § 14–09–06.2(1)(c), (d), (m).

[¶ 13] In his affidavit, Flaagan contended modification of primary residential responsibility would be in J.F.F.'s best interests. Consistent with N.D.C.C. § 14–09–06.2(1)(d), Flaagan alleged he can provide a stable and appropriate home environment. In supporting this allegation, Flaagan provided information he successfully dealt with rashes J.F.F. had at the

beginning of his parenting time, he has kept J.F.F. on task by ensuring he completes all homework assignments, and J.F.F. does not exhibit behavioral problems while in his care. Also consistent with N.D.C.C. § 14-09-06.2(1)(c), Flaagan alleged Forster is incapable of providing for J.F.F.'s needs. In supporting this allegation, Flaagan provided information in his affidavit J.F.F. has appeared tired and had rashes at the beginning of his parenting time, Forster refuses to address the potential day-to-day causes of J.F.F.'s behavioral issues, and the increasingly problematic nature of J.F.F.'s behavior correlates with Forster's increased parenting time.

[¶ 14] In dismissing his motion, the district court noted Flaagan failed to provide information pertaining to where J.F.F. would reside if placed in Flaagan's care, an argument Forster now makes on appeal. In her affidavit, Forster also denied deficiencies in her care caused J.F.F.'s behavioral issues. By accepting Forster's arguments, the court weighed conflicting information. Under our de novo standard of review, Flaagan's allegations and corroborating information are sufficient to establish a prima facie showing modification of primary residential responsibility would be in J.F.F.'s best interests. Although the issues regarding where J.F.F. will reside if placed in Flaagan's care and the allegations regarding deficiencies in Forster's care are to be considered in determining whether modification is in J.F.F.'s best interests, such arguments raise disputed issues of fact. As discussed above, the mere creation of a disputed issue of fact is insufficient to conclusively rebut a movant's corroborated allegations. *Schroeder*, at ¶ 9. A disputed issue of fact concerning whether a modification is necessary for J.F.F.'s best inter-

ests exists and should be determined after an evidentiary hearing.

[¶ 15] As a final matter, the district court's decision appears to confuse establishing a prima facie case for modification with establishing a case for modification. Throughout its order, the court repeatedly concluded Flaagan failed to establish his allegations. For example, the court concluded "no facts are established that [J.F.F.] would not have otherwise displayed similar problems upon starting kindergarten but for [Forster's] parenting and home environment." Requiring a movant to prove factual allegations at the prima facie stage of litigation is at odds with the "bare minimum" standard required for a prima facie showing. *Jensen*, at ¶ 8. Our law requires a movant to establish the allegations justifying modification only after an evidentiary hearing, and requiring the movant to do so at the prima facie stage of litigation is erroneous. By not limiting its assessment to whether Flaagan provided allegations corroborated by competent information and whether such allegations would support modification if proven, the district court erred. *Id.* at ¶ 13.

### III

[¶ 16] We reverse the district court's order and remand for an evidentiary hearing.

[¶ 17] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.