# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 94

Tessa R. Falcon,                                                 Plaintiff and Appellee

v.

Michael J. Knudsen,                                          Defendant and Appellant

and

State of North Dakota                          Statutory Real Party in Interest

### No. 20220380

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

H. Malcom Pippin, Williston, ND, for plaintiff and appellee; submitted on brief.

Jonathan L. Green, Wahpeton, ND, for defendant and appellant; submitted on brief.

# Falcon v. Knudsen
## No. 20220380

**Bahr, Justice.**

[¶1] Michael Knudsen appeals from a district court order determining Knudsen did not establish a prima facie case for modification of primary residential responsibility and denying his motion to modify primary residential responsibility, and from a district court order denying his motion to disqualify Tessa Falcon's counsel. We affirm.

## I

[¶2] The parties were never married but have one child together. The original judgment awarded primary residential responsibility to Falcon subject to Knudsen's parenting time.

[¶3] On October 26, 2022, Knudsen filed a motion to modify primary residential responsibility. Falcon responded in opposition. The district court concluded Knudsen did not present a prima facie case sufficient to warrant an evidentiary hearing under N.D.C.C. § 14-09-06.6, and denied his motion to modify primary residential responsibility and accompanying motion for second amended judgment.

[¶4] On November 14, 2022, Knudsen filed a motion to permanently disqualify Falcon's counsel, Harry Malcolm Pippin and the Pippin Law Firm. Falcon resisted the motion and filed a proposed order. The district court denied the motion and adopted most of Falcon's proposed order.

## II

[¶5] Knudsen argues the district court erred in failing to issue specific findings of fact under N.D.R.Civ.P. 52(a) for the order denying the motion to modify primary residential responsibility and the order denying the motion to disqualify Falcon's counsel.

[¶6]   Rule 52(a), N.D.R.Civ.P., requires:

> (1) In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.
> . . . .
> (3) The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.

In applying this Rule, "the initial determination which must be made is whether the particular findings complained of are findings of fact and are subject to the 'clearly erroneous' Rule of 52(a), N.D.R.Civ.P., or whether they are conclusions of law and are fully reviewable by this court on appeal." *Ferguson v. Ferguson*, 202 N.W.2d 760, 763 (N.D. 1972). "[A] trial court's conclusions of law are not subject to the clearly erroneous rule applicable to findings of fact, and are thus fully reviewable upon appeal." *Jarmin v. Shriners Hosps. for Crippled Child.,* 450 N.W.2d 750, 752 (N.D. 1990).

[¶7]   Knudsen's reliance on N.D.R.Civ.P. 52(a) is misplaced. Below we address the application of N.D.R.Civ.P. 52(a) to the challenged orders.

III

[¶8]   Knudsen argues the district court erred in determining Knudsen failed to establish a prima facie case for modification of primary residential responsibility and denying his motion to modify primary residential responsibility.

[¶9]   "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which we review de novo." *Grigg v. Grigg*, 2015 ND 229, ¶ 9, 869 N.W.2d 411. The movant seeking modification of primary residential responsibility has the burden to establish a "prima facie case justifying a modification." N.D.C.C. § 14-09-06.6(4). It "requires only facts which, if proved at an evidentiary hearing, would support a change of primary residential responsibility that could be affirmed if

2

appealed." *Grigg*, at ¶ 9 (quoting *Jensen v. Jensen*, 2013 ND 144, ¶ 8, 835 N.W.2d 819). A party may establish a prima facie case "with affidavits including 'competent information, which usually requires the affiant to have first-hand knowledge.'" *Id.* (quoting *Jensen*, at ¶ 8). If affidavits "fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts," they do not support a prima facie case. *Id.* (quoting *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331).

A

[¶10] Rule 52(a), N.D.R.Civ.P., does not apply to the district court's order denying the motion to modify primary residential responsibility because the court did not make findings of fact when determining whether Knudsen made a prima facie case. "We have made it clear that district courts are prohibited from weighing conflicts in the evidence presented in competing affidavits to reach the conclusion that the moving party's evidence is insufficient to establish a prima facie case for modification of residential responsibility." *Grigg*, 2015 ND 229, ¶ 16. "In determining whether a movant made a prima facie showing, a court must assume the truth of the movant's allegations if based on competent information." *Forster v. Flaagan*, 2016 ND 12, ¶ 8, 873 N.W.2d 904. "The trial court makes no findings of fact when reviewing a party's affidavits accompanying a motion to modify custody. Determination of whether [Knudsen] established a prima facie case entitling [him] to an evidentiary hearing is a question of law." *Tank v. Tank*, 2004 ND 15, ¶ 6, 673 N.W.2d 622.

[¶11] Although the district court order states it "finds that the Defendant has not proven a prima facie case sufficient to warrant the holding of an evidentiary hearing in this matter under NDCC 14-09-06.6," the court was actually making a conclusion of law, not a finding of fact. For that reason, we review de novo the court's decision Knudsen did not establish a prima facie case for a change of primary residential responsibility. *See Grigg*, 2015 ND 229, ¶ 9 ("Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which we review de novo.").

3

B

[¶12] Section 14-09-06.6(6), N.D.C.C., provides:

> The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:
>> a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
>> b. The modification is necessary to serve the best interests of the child.

Under section 14-09-06.6(6), N.D.C.C., the movant has the burden of establishing a prima facie case on both of the above elements. *Kerzmann v. Kerzmann*, 2021 ND 183, ¶¶ 9, 12, 965 N.W.2d 427.

[¶13] Regarding the best interests of the child under N.D.C.C. § 14-09-06.6(6)(b), a court must consider the applicable N.D.C.C. § 14-09-06.2(1) best interests of the child factors to determine whether modifying primary residential responsibility is in a child's best interests. *Grigg*, 2015 ND 229, ¶ 7. Therefore, to establish a prima facie case under section 14-09-06.6(4), N.D.C.C., the movant must establish both a material change of circumstance and "either a general decline in the condition of the child or that the change has adversely affected the child . . . ." *Gomm v. Winterfeldt*, 2022 ND 172, ¶ 30, 980 N.W.2d 204 (quoting *Kunz v. Slappy*, 2021 ND 186, ¶ 26, 965 N.W.2d 408).

[¶14] Knudsen had the burden to establish a prima facie case showing a general decline in the condition of the child or the material change adversely affected the child. *See Gomm*, 2022 ND 172, ¶ 30. Knudsen wholly failed to allege either a general decline in the condition of the child or a change in circumstances adversely affected the child. Thus, under our de novo review, we conclude Knudsen did not show how a change to primary residential responsibility is necessary to serve the best interests of the child.

[¶15] We affirm the district court's denial of Knudsen's motion to modify primary residential responsibility because we conclude Knudsen failed to

establish a prima facie case modification is in the best interests of the child. *See Bubel v. Bubel*, 2022 ND 23, ¶ 3, 969 N.W.2d 468 (concluding "[w]e need not address whether [the movant] has demonstrated a material change in circumstances, because under our de novo standard of review she has not shown how a change to primary residential responsibility is necessary to serve the best interests of the child.").

IV

[¶16] Knudsen argues the district court erred in denying his motion to disqualify Harry Malcolm Pippin and the Pippin Law Firm as Falcon's counsel.

[¶17] "A trial court's decision on a disqualification motion will only be reversed for an abuse of discretion." *Sargent Cnty. Bank v. Wentworth*, 500 N.W.2d 862, 871 (N.D. 1993). "A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if it misinterprets or misapplies the law or if its decision is not the product of a rational mental process leading to a reasoned determination." *State v. White*, 2018 ND 58, ¶ 8, 907 N.W.2d 765. "We also recognize, however, that courts generally view motions to disqualify opposing counsel with extreme caution because disqualification can be used to gain a tactical advantage and to harass the opposing party." *Wentworth*, at 871.

A

[¶18] The district court, adopting Falcon's proposed order, stated:

> Now upon all of the files, records, and proceedings herein, in regard to the motion pending before the Court and for reasons set forth in Plaintiff's briefing:
> IT IS HEREBY ORDERED that the Defendant's Motion to Permanently Disqualify Harry Malcolm Pippin and the Pippin Law Firm as Plaintiff's Counsel and for Protective Relief is hereby <u>denied</u> in all respects.

The court offered no further findings or explanation. The court crossed out Falcon's final paragraph attempting to award attorney's fees for the motion.

[¶19] The district court adopted Falcon's proposed order denying the motion to disqualify counsel "for reasons set forth in Plaintiff's briefing." Because adopting a party's brief "may fail to foster the appearance of fairness and impartiality in our courts, and may thereby reduce confidence in our judicial system, we cannot approve it as a practice." *Schmidkunz*, 529 N.W.2d at 859. "It is preferable that the court, if it chooses to issue a written memorandum opinion, state in its own words the rationale and basis for its decision." *Id.*

[¶20] Although this Court strongly discourages district courts from incorporating a pleading as its findings or rationale, in light of the limited issue presented and narrow scope of "Plaintiff's briefing," the order in this case is sufficient to permit us to understand the factual basis for the district court's decision. However, we discourage courts from adopting a pleading as its opinion and, depending on the issues and nature of the pleading, doing so may prevent this Court from understanding the rationale and basis for the court's decision and dictate a remand. *See e.g., Atkins v. State*, 2017 ND 290, ¶ 10, 904 N.W.2d 738 (relying on N.D.R.Civ.P. 52(a)(3), this Court held "the district court's failure to articulate the basis for its decision is not a bar to summary dismissal" of an application for post-conviction relief); *contra Caster v. State*, 2019 ND 187, ¶¶ 8-10, 931 N.W.2d 223 (Remanding the order, this Court explained, "We do not approve a court granting a motion solely '[f]or the reasons articulated in the State's Motion.' Reliance on a bare bones proposed motion, with no factual findings, conclusions of law, or support from the record, is insufficient to satisfy the requirements of N.D.C.C. § 29-32.1-11. By failing to explain its reasoning, the district court has prevented us from discerning the basis for its decision.").

B

[¶21] Rule 52(a), N.D.R.Civ.P., does not apply to the district court's order denying Knudsen's motion to disqualify Falcon's counsel. Rule 52(a)(3), N.D.R.Civ.P, provides "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Knudsen cited no rule requiring the court make findings on his motion to disqualify counsel. We conclude the court

did not abuse its discretion by ruling on Knudsen's motion without making findings of fact. *Discover Bank v. Bolinske*, 2020 ND 228, ¶ 18, 950 N.W.2d 417 (explaining "[t]he court did not abuse its discretion by ruling on Bolinske's motion to vacate judgment without making findings of fact, because the court was not required to make any such findings").

C

[¶22] Knudsen argues the district court erred in denying his motion to disqualify Harry Malcolm Pippin and the Pippin Law Firm as Falcon's counsel because Pippin Law Firm violated N.D.R. Prof. Conduct 1.7(a), 1.7(c), 1.9(a) and 1.9(b).

[¶23] "The disciplinary rules outline a lawyer's duties to a 'former client' and to a 'potential client.' N.D.R. Prof. Conduct 1.9 and 1.18." *Kuntz v. Disciplinary Bd.*, 2015 ND 220, ¶ 13, 869 N.W.2d 117. Rule 1.9(a), N.D.R. Prof. Conduct, describes a lawyer's duties to a "former client" and provides that a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing." Under N.D.R. Prof. Conduct 1.9(c), a lawyer who has formerly represented a client in a matter shall not use information relating to the representation to the disadvantage of the former client in the same or a substantially related matter except as permitted by the rules of professional conduct or when the information has become generally known. *Kuntz,* at ¶ 14.

[¶24] The "Plaintiff's briefing" states Knudsen had an initial consultation with an associate attorney at the Pippin Law Firm regarding a case against Knudsen's ex-wife and the two children born of that marriage. The meeting did not pertain to Falcon. Knudsen's own briefing provides the same information. Knudsen failed to establish the case involving his ex-wife is the same or a substantially related matter to the case at hand.

[¶25] The district court's decision was the product of a rational mental process leading to a reasoned determination. The court did not abuse its discretion in denying Knudsen's motion to disqualify Falcon's counsel.

V

[¶26] We affirm the district court order concluding Knudsen did not establish a prima facie case for modification of primary residential responsibility and denying his motion to modify primary residential responsibility, and the district court order denying the motion to disqualify Falcon's counsel.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr