2014 ND 106

**Lyn C. SCHROEDER, n/k/a Lyn C. Karjalainen, Plaintiff and Appellant**

v.

**Travis L. SCHROEDER, Defendant and Appellee.**

No. 20130351.

Supreme Court of North Dakota.

May 28, 2014.

Tracy J. Lyson, Fargo, ND, for plaintiff and appellant.

Sarah W. Gereszek, Grand Forks, ND, for defendant and appellee.

McEVERS, Justice.

[¶ 1] Lyn Karjalainen, formerly known as Lyn Schroeder, appeals the district court order denying her motion to amend the amended divorce judgment granting Travis Schroeder primary residential responsibility of their children. Karjalainen argues she established a prima facie case for a change in primary residential responsibility and, therefore, is entitled to an evidentiary hearing. We affirm, concluding the district court did not err in determining Karjalainen established a material change of circumstances had occurred but failed to establish a prima facie case that modification is necessary to serve the best interests of T.S. and A.S.

I

[¶ 2] Karjalainen and Schroeder were married in June 1999. They have two children, T.S., born in 2000, and A.S., born in 2002. In June 2007, a divorce judgment

was entered incorporating the parties' stipulated agreement. Under the stipulation, the judgment awarded Karjalainen and Schroeder joint legal and physical custody of T.S. and A.S.

[¶ 3] In March 2009, Karjalainen moved to change custody and relocate T.S. and A.S. to Sioux Falls, South Dakota. Schroeder opposed Karjalainen's motion and requested an award of primary residential responsibility. The parties filed a stipulation of significant change of circumstances requiring a change of custody. In December 2009, a hearing on this matter occurred. On February 4, 2010, the district court entered an amended judgment that awarded Schroeder primary residential responsibility. In March 2012, Karjalainen informed Schroeder she would be relocating to Omaha, Nebraska, in the summer of 2013.

[¶ 4] In May 2013, Schroeder moved to Florida. Schroeder met Karjalainen in Omaha, where he transferred T.S. and A.S. to Karjalainen for her summer parenting time on his way to Florida, one week earlier than the usual summer parenting time schedule. In July 2013, Karjalainen moved to amend the judgment requesting the district court award her primary residential responsibility. Schroeder opposed Karjalainen's motion. Both parties submitted affidavits. In August 2013, Schroeder moved for an order to show cause why Karjalainen should not be held in contempt of court for failing to return T.S. and A.S. to him in compliance with the amended judgment. Karjalainen responded and Schroeder replied.

[¶ 5] On September 6, 2013, the district court denied Karjalainen's motion. The district court determined a material change in circumstances had occurred since the February 2010 amended judgment because both parties relocated, but Karjalainen did not establish a prima facie

case that the best interests of T.S. and A.S. required a review of primary residential responsibility. The district court found, "[o]ther than conclusory unsupported statements, there has been no showing by competent evidence that the move itself to Florida by [Schroeder], as their primary residential parent, has or will adversely affect the best interests of the parties' two minor children." The district court determined a hearing was needed to address the parenting time schedule due to the change in circumstances since its prior parenting time determination. The district court also ordered Karjalainen to return the children to Schroeder immediately on the grounds her failure to return the children to Florida on August 12, 2013, in compliance with the amended judgment, was without legitimate justification. Karjalainen appealed.

II

[¶ 6] Karjalainen argues the district court erred, as a matter of law, in denying an evidentiary hearing on her motion to modify primary residential responsibility. Karjalainen asserts she was entitled to an evidentiary hearing because she established a prima facie case for a change in primary residential responsibility of T.S. and A.S. According to Karjalainen, she presented competent evidence, based on personal, firsthand knowledge, and is entitled to an evidentiary hearing on her motion to modify primary residential responsibility.

[¶ 7] When a party seeks modification of primary residential responsibility more than two years after entry of the prior order establishing primary residential responsibility, the party must initially establish a prima facie case justifying modification. N.D.C.C. § 14–09–06.6. "Whether a party presented a prima facie case for a change of primary residential responsi-

bility is a question of law, which this Court reviews de novo." *Schumacker v. Schumacker*, 2011 ND 75, ¶ 6, 796 N.W.2d 636. An evidentiary hearing is appropriate only if a prima facie case is established. N.D.C.C. § 14–09–06.6(4). The district court may modify primary residential responsibility if it finds:

    a.  On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

    b.  The modification is necessary to serve the best interests of the child.

N.D.C.C. § 14–09–06.6(6). "A material change in circumstances means important new facts that were unknown at the time of a prior custodial decree." *Schumacker*, 2011 ND 75, ¶ 10, 796 N.W.2d 636. "To determine whether modifying primary residential responsibility is necessary to serve the best interests of the child, the district court must consider the applicable N.D.C.C. § 14–09–06.2(1) factors." *Vining v. Renton*, 2012 ND 86, ¶ 17, 816 N.W.2d 63. A prima facie case justifying a modification of primary residential responsibility and, therefore, an evidentiary hearing, is established by a material change in circumstances "which either 'requires' a change of custody for the child's best interests or 'fosters' or 'serves' the child's best interests." *Blotske v. Leidholm*, 487 N.W.2d 607, 609 (N.D.1992); *see also Alvarez v. Carlson*, 524 N.W.2d 584, 588–89 (N.D.1994). There must be a showing that the change in circumstances would adversely affect the child. *Blotske*, at 609.

[¶ 8] The party moving for a modification of primary residential responsibility is entitled to an evidentiary hearing after the party moving has met its burden of establishing a prima facie case justifying a modification. *Schumacker*, 2011 ND 75, ¶ 7, 796 N.W.2d 636. "A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Id.* The moving party must establish a prima facie case justifying a modification of primary residential responsibility on briefs and supporting affidavits. *Id.* A prima facie case cannot be established through allegations alone. *Id.* Affidavits supporting a prima facie case must include competent information and "[a]ffidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Id.*

[¶ 9] "The trial court must accept the truth of the moving party's allegations and may not weigh conflicting allegations in deciding whether to grant a hearing." *Id.* at ¶ 8. A prima facie case may be rebutted by evidence that the moving party is not entitled to the relief requested. *Id.* A prima facie case is not rebutted by evidence that merely creates conflicting issues of fact and "a court may not weigh the conflicting allegations in considering whether a movant has established a prima facie case." *Id.* "If the opposing party's counter-affidavits fail to establish the moving party's allegations have no credibility or are insufficient to justify modification, an evidentiary hearing must be held to resolve conflicting evidence and determine whether a modification in primary residential responsibility is warranted." *Id.*

[¶ 10] Karjalainen argues she was entitled to an evidentiary hearing because she established a prima facie case for a change in primary residential responsibility of T.S. and A.S. under N.D.C.C. § 14–09–06.6. Karjalainen asserts she presented competent evidence, based on per-

sonal, firsthand knowledge, and is thereby entitled to an evidentiary hearing on her motion to modify primary residential responsibility.

[¶ 11] When considering whether an evidentiary hearing is required under N.D.C.C. § 14–09–06.6(6)(a), a district court must first determine whether a material change of circumstances has occurred. On appeal, Schroeder argues there was no material change in circumstances. This Court has long recognized that "[r]elocation of a parent may constitute a material change in circumstances." *Mock v. Mock*, 2004 ND 14, ¶ 7, 673 N.W.2d 635. The move may be either in-state or out-of-state. *State v. Neustel*, 2010 ND 216, ¶ 8, 790 N.W.2d 476. In this case, the relocation of both parties constituted a material change in circumstances. The district court did not err in its conclusion that Karjalainen established a material change in circumstances had occurred since the February 2010 amended judgment when both parties had relocated.

[¶ 12] The next consideration for the district court in determining whether an evidentiary hearing is required under N.D.C.C. § 14–09–06.6(6)(b), is whether "[t]he modification is necessary to serve the best interests of the child."

[¶ 13] The district court did not address each allegation set forth in Karjalainen's affidavits, making a summary determination that the documents submitted do not establish a prima facie case. The district court did not find an adverse affect on the children's best interests.

[¶ 14] In her affidavits in support, Karjalainen alleged Schroeder has expressed in correspondence to her and the children that he intends to restrict, limit, or infringe upon Karjalainen's parenting time. Karjalainen did not include copies of this correspondence nor did Karjalainen submit affidavits of A.S. or T.S. to support this allegation. This Court has recognized that allegations of parental frustration of parenting time may be a basis to grant an evidentiary hearing. *Anderson v. Jenkins*, 2013 ND 167, ¶ 18, 837 N.W.2d 374. In *Anderson*, Jenkins alleged Anderson had ignored court orders and willfully withheld parenting time resulting in negative consequences to the child. *Id.* at ¶ 10. Unlike the case at hand, Jenkins alleged specific dates that parenting time was withheld and provided copies of correspondence to support the allegations. *Id.* at ¶¶ 13, 17. Here, Karjalainen provided only a conclusory statement that "[Schroeder] attempted to deny visitation" and one specific example when Schroeder denied visitation when she planned to travel to Grand Forks to visit the children because she had failed to provide two weeks of advanced notice. Karjalainen's allegation that Schroeder denied her visitation in the past is not sufficient to show Schroeder materially intended to deny Karjalainen visitation and does not rise to the level of constituting frustration of visitation making modification of primary residential responsibility necessary for the best interests of the children. *See Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 19, 603 N.W.2d 896 (explaining it can be inferred that persistent frustration of visitation works against the best interest of the children). On de novo review, we determine the alleged frustration of visitation that would occur once Schroeder had the children in Florida had not yet occurred and the past frustration of visitation was merely alleged without support of any evidentiary facts.

[¶ 15] Karjalainen alleged the children were distraught about the move from Grand Forks, having little time to say good bye to teachers and friends. Karjalainen's allegation is based on her firsthand observation. However, her allegation ignores that the children would have to move re-

gardless, either with Karjalainen to Nebraska or with Schroeder to Florida. Therefore, although her allegation is credible, it is insufficient to justify that modification of primary residential responsibility may be necessary to serve the children's best interests. The fact that Karjalainen told the children a year in advance and Schroeder gave the children two weeks notice does not alone support a conclusion that the children are adversely affected by moving to Florida but not by moving to Nebraska. Further, some of the information Karjalainen provided to prove the children were distraught about the move to Florida were based on hearsay and Karjalainen's own assumptions, therefore, constituting conclusory statements.

[¶ 16] Karjalainen alleged the children found it difficult to be separated from their half-siblings, which caused T.S. to have an emotional breakdown in school. This allegation is not supported by competent firsthand knowledge as there is no reference in Karjalainen's affidavit regarding how Karjalainen knew about T.S.'s emotional breakdown in school or its cause. Presumably, it would have occurred in Grand Forks, so it is unlikely for her to have firsthand knowledge. Karjalainen's assertion that T.S. and A.S. were upset about not being able to see their half-siblings every month and crying about it was based on discussions Karjalainen had with the children about a modification of visitation that would occur because of Karjalainen's move to Nebraska. Karjalainen's observation does constitute firsthand knowledge, but it is not enough to warrant a change in primary residential responsibility. The record establishes the children would be separated from their half-siblings, regardless of Schroeder's move to Florida, because Karjalainen was moving to Nebraska. Karjalainen, again, included hearsay in her affidavit that A.S. was upset after a conversation with Schroeder when Schroeder allegedly told A.S. he would only get to see his half-siblings if Karjalainen traveled to Florida. She has failed to show a basis for actual personal knowledge, and conclusory statements without evidentiary factual support are insufficient to justify modification.

[¶ 17] Karjalainen alleged T.S. preferred to stay in Nebraska. "A mature child's reasonable preference to live with a particular parent may constitute a material change in circumstances to justify a change in primary residential responsibility if there are persuasive reasons for that preference." *Miller v. Miller*, 2013 ND 103, ¶ 6, 832 N.W.2d 327; *see also Jensen v. Jensen*, 2013 ND 144, ¶ 17, 835 N.W.2d 819; *Frison v. Ohlhauser*, 2012 ND 35, ¶ 7, 812 N.W.2d 445; *Lechler v. Lechler*, 2010 ND 158, ¶ 11, 786 N.W.2d 733. A child's preference to live with one parent could provide evidence that modification is necessary to serve the best interest of the child depending on why the child prefers to live with one parent over the other. T.S.'s preference to stay in Nebraska could have been evidenced through T.S.'s own affidavit and could have provided proof that modification is necessary to serve the best interest of T.S., as well as A.S., depending on what T.S.'s affidavit contained. The allegation made by Karjalainen is hearsay and does not include why T.S. prefers to stay in Nebraska.

[¶ 18] Karjalainen alleged the schools in Omaha, Nebraska, are superior to those located in Florida. This allegation is conclusory because Karjalainen failed to provide information on how she knows this. The prima facie case that modification is necessary to serve the best interests of the children could be supported by competent information or evidentiary facts regarding the superiority of one school district over another. A.S. had been diagnosed with

attention deficit hyperactivity disorder since the 2010 amended judgment, but Karjalainen failed to provide information on how moving from North Dakota to Florida, as opposed to Nebraska, would adversely affect A.S. In this case, a general conclusion was offered regarding the graduation rates of Nebraska and Florida and the superiority of the Omaha, Nebraska, school district. Without submitting exhibits comparing the school districts and the different programs offered by those school districts that would be necessary to the educational needs of T.S. and A.S, this information is not relevant. The possibility that A.S. may fail in the new school in Florida cannot be based on personal knowledge because it has not yet happened.

[¶ 19] Karjalainen alleged T.S. and A.S. would be living with their paternal grandfather in Florida, who "ha[d] a history of violent behavior, ha[d] been known to throw parties in which mass amounts of alcoholic beverages [were] easily accessible, and openly dr[ank] in excess in the children's presence" and she observed pornography in the house. We have repeatedly explained that " '[a] material change of circumstances can occur if a child's present environment may endanger the child's physical or emotional health or impair the child's emotional development.' " *Lanners v. Johnson*, 2003 ND 61, ¶ 7, 659 N.W.2d 864 (quoting *Selzler v. Selzler*, 2001 ND 138, ¶ 21, 631 N.W.2d 564). Similarly, proving modification is necessary to serve the best interests of the children can be established if a child's present environment may endanger the child's physical or emotional health or impair the child's emotional development. Although the allegations are troubling, they are conclusory and are not supported by evidentiary facts because Karjalainen failed to explain how she knew about the children's paternal grandfather's history of violent behavior and partying. Karjalainen indicated that she observed pornography in the house, but failed to provide when it had been observed or whether it was in the children's presence. Even if taken as true, according to Schroeder, the children would not be living in the paternal grandfather's home, therefore, rebutting Karjalainen's concern about the children living there.

[¶ 20] All other allegations Karjalainen made were not relevant or competent to determining whether Karjalainen established a prima facie case that the best interests of the children justify modification of primary residential responsibility. Karjalainen makes broad, generalized, conclusory allegations without a sufficient evidentiary basis or a showing of actual firsthand knowledge.

[¶ 21] In her affidavits, Karjalainen suggests she may be in a better position to care for the children because of her improved circumstances. However, again, Karjalainen's assertions about the improvements in her life, and the increased instability in Schroeder's life, are conclusory allegations. These types of allegations by themselves would not "be sufficient to show a significant change in circumstances." *Miller*, 2013 ND 103, ¶ 9, 832 N.W.2d 327. Similarly, to establish a prima facie case that modification is necessary to serve the best interests of the children requires more than the improved circumstances of the party moving to modify primary residential responsibility.

[¶ 22] To establish a prima facie case, Karjalainen's affidavits must provide competent admissible evidence. The majority of Karjalainen's allegations are conclusory and are not supported by evidentiary fact or fail to show Karjalainen had firsthand knowledge. The few facts Karjalainen presents that are more than conclusory

allegations, fail to establish how these new facts adversely impact the children's well-being. *See Alvarez*, 524 N.W.2d at 588–89; *Blotske*, 487 N.W.2d at 609. Karjalainen's affidavits fail to adequately address the best interest factors under N.D.C.C. § 14–09–06.2(1). The affidavits Karjalainen provided show a material change in circumstances had occurred, but failed to establish a prima facie case that modification of primary residential responsibility is necessary for the best interests of the children.

### III

[¶ 23] Based on our de novo review of the record, the affidavits Karjalainen presented to the district court contained allegations that, even if found to be true, do not establish a prima facie case under N.D.C.C. § 14–09–06.6(4). We affirm the district court's order denying the motion to amend the amended judgment. We conclude the district court did not err in determining Karjalainen established a material change of circumstances had occurred but failed to establish a prima facie case that modification of primary residential responsibility is necessary for the best interests of the children.

[¶ 24] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ.