2015 ND 42

**Svetlana M. SEAY, Plaintiff and Appellee**

v.

**Darren John SEAY, Defendant and Appellant.**

**No. 20140312.**

Supreme Court of North Dakota.

Feb. 12, 2015.

Svetlana M. Seay, self-represented, West Fargo, ND, plaintiff and appellee; submitted on brief.

Donavin L. Grenz, Linton, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]  Darren Seay appeals from a district court judgment granting Svetlana Seay's motion to move with the parties' minor child out of North Dakota and denying his motion to modify primary residential responsibility.  We reverse and remand for findings on the best interest factors.

I

[¶ 2]  The parties married in June 2004 and divorced in September 2011.  After a trial, Svetlana Seay was awarded primary residential responsibility of the parties' minor child and her seventeen-year-old son from a previous relationship, whom Darren Seay had adopted, and she was granted the right to move out of state with the children.  However, the part of the judgment ordering that she may move out of state with the children without Darren Seay's consent or further order of the court was reversed by this Court in *Seay v. Seay*, 2012 ND 179, 820 N.W.2d 705.

[¶ 3]  In February 2014, Svetlana Seay requested approval from the district court to relocate with the parties' minor child to Ohio to live with her new husband.  Darren Seay opposed her motion and moved to modify residential responsibility, seeking an award of primary residential responsibility.  Following a trial on both motions, the district court found there had been material changes in the parties' circumstances, namely Svetlana Seay's remarriage and her proposed move to Ohio.  Because the court found the changes were "positive" and "not adverse to the child's best interests," it found it did "not need to further analyze the best interest factors" and instead, proceeded with an analysis of the *Stout–Hawkinson* relocation factors.  The court granted Svetlana Seay's motion to move to Ohio with the child and denied Darren Seay's motion to modify primary residential responsibility.

II

[¶ 4]  On appeal, Darren Seay argues the district court erred by neglecting to analyze the best interest factors before denying his motion to modify primary residential responsibility.  He does not argue that the district court erred in applying the *Stout–Hawkinson* relocation factors.

III

[¶ 5]  A district court's decision of whether to modify primary residential responsibility is a finding of fact subject to the clearly erroneous standard of review.  *Lechler v. Lechler*, 2010 ND 158, ¶ 9, 786 N.W.2d 733.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support it, or if it is clear to the reviewing court that a mistake has been made.  *Id.*

## IV

[¶ 6] Darren Seay argues the district court erred in neglecting to analyze the best interest factors before denying his motion to modify primary residential responsibility.

[¶ 7] Two years after the date of entry of an order establishing primary residential responsibility, the court may modify primary residential responsibility if it finds a material change has occurred in the child's or parties' circumstances and modification is necessary for the child's best interests. N.D.C.C. § 14–09–06.6(6). The party seeking to modify primary residential responsibility bears the burden of proof. N.D.C.C. § 14–09–06.6(8). If the district court determines no material change in circumstances has occurred, the court does not need to consider whether changing primary residential responsibility is necessary to serve the child's best interests. *Lechler*, 2010 ND 158, ¶ 9, 786 N.W.2d 733. However, if a material change of circumstances is found to have occurred, the court cannot change primary residential responsibility unless it further finds that modification is necessary to serve the child's best interests. *Glass v. Glass*, 2011 ND 145, ¶ 16, 800 N.W.2d 691.

[¶ 8] "To determine whether modifying primary residential responsibility is necessary to serve the best interests of the child, the district court must consider the applicable N.D.C.C. § 14–09–06.2(1) factors." *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716 (citation omitted). When determining whether to modify primary residential responsibility, the district court must analyze the best interest factors in light of two considerations not required in an original primary residential responsibility determination:

First, the best interests of the child factors must be gauged against the backdrop of the stability of the child's relationship with the custodial parent, because that stability is the primary concern in a change of custody proceeding. Second, after balancing the child's best interests and stability with the custodial parent, the trial court must conclude that a change in the status quo is required. A child is presumed to be better off with the custodial parent, and close calls should be resolved in favor of continuing custody. A change should only be made when the reasons for transferring custody substantially outweigh the child's stability with the custodial parent.

*Vining v. Renton*, 2012 ND 86, ¶ 17, 816 N.W.2d 63 (citation omitted).

[¶ 9] The district court found there were two material changes in circumstances in this case, namely Svetlana Seay's remarriage and her proposed move to Ohio. This Court has previously recognized a parent's relocation or marriage may constitute a material change in circumstances. *See Schroeder*, 2014 ND 106, ¶ 11, 846 N.W.2d 716; *see also Dietz v. Dietz*, 2007 ND 84, ¶ 13, 733 N.W.2d 225. The district court must consider the applicable N.D.C.C. § 14–09–06.2(1) factors when determining whether modifying primary residential responsibility is necessary to serve the child's best interests. *Schroeder*, at ¶ 7. Here, the district court did not consider the best interest factors outlined in N.D.C.C. § 14–09–06.2(1). Because the district court determined the changes were "positive" and "not adverse to the child's best interests," it determined it did "not need to further analyze the best interest factors." The court discussed its rationale at the end of the trial, stating:

I do not think that the change of custody motion has very good merit at all and that motion is going to be denied.... I think reasonably there are at least two material changes in circumstances. One

is the plaintiff's marriage. The second is the proposed move to Ohio. Both of those are a significant change and . . . in my view of the evidence before me, I don't get to the best interest factors analysis because as a matter of fact . . . both of those changes, I think, are . . . beneficial for the child. And unless the moving party proves that the best interests require a change of custody then I don't think I need to do—or that the motion would be denied, but I don't think we even get to analyze those best interest factors when on it[ ]s face the move, which is going to be granted as well, and the marriage are going to turn out to be beneficial for [the child].

[¶ 10] Darren Seay argues that when considering a motion to modify primary residential responsibility, the best interest factors outlined in N.D.C.C. § 14-09-06.2 must be applied rather than the *Stout–Hawkinson* relocation factors. *See Stout v. Stout*, 1997 ND 61, ¶ 34, 560 N.W.2d 903 (outlining four factors court must consider in determining whether a custodial parent's contemplated move is in a child's best interests); *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144 (clarifying fourth factor). The *Stout–Hawkinson* factors are focused on the best interests of the child in the context of a proposed move. *See Stout*, at ¶ 34; *Hawkinson*, at ¶ 9. In contrast, the best interest factors that must be examined when there is a motion to modify primary residential responsibility are far more extensive in their examination of what is in a child's best interest. *See* N.D.C.C. § 14-09-06.2(1). The district court took testimony over two days relating to both motions. As a reviewing court, we are unable to know the basis of the district court's decision. In merely describing the plaintiff's marriage and proposed move as "beneficial" for the child, this Court might infer that the district court would make a finding in favor of

Svetlana Seay under factor k that her current husband will positively influence the child. But factor k also requires the court to consider "that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons." N.D.C.C. § 14-09-06.2(1)(k). The district court failed to articulate whether it considered, and possibly rejected, the evidence presented on this issue. Further, we are unable to determine whether the district court considered other factors that must necessarily be impacted by a move such as factors a, d, e, h, and m.

[¶ 11] In *Maynard v. McNett*, the parties had joint legal and physical custody of their child. 2006 ND 36, ¶ 2, 710 N.W.2d 369. The mother brought a motion to relocate out of state with the child, and the father objected to the requested move. *Id.* at ¶ 3. No motion to change custody was brought by either party. *Id.* at ¶ 1. This Court held that "a parent with joint legal and physical custody may not be granted permission to move with the parties' child, unless the district court first determines the best interests of the child require a change in primary custody to that parent." *Id.*

[¶ 12] Unlike in *Maynard*, Svetlana Seay was previously awarded primary residential responsibility. However, because Darren Seay brought a motion to modify residential responsibility, seeking an award of primary residential responsibility, we conclude the district court erred by failing to analyze the best interest factors before denying his motion. The court determined there were two material changes in the parties' circumstances, Svetlana Seay's remarriage and her proposed move to Ohio, but the court erred because it did not adequately consider whether modification was necessary for the child's best

interests by applying the factors outlined in N.D.C.C. § 14–09–06.2. The court should have first analyzed the best interest factors outlined in N.D.C.C. § 14–09–06.2 before denying Darren Seay's motion to modify residential responsibility. Only if the court determines, after applying the best interest factors, that Darren Seay's motion for primary residential responsibility should have been denied, should it have analyzed the *Stout–Hawkinson* factors in regards to Svetlana Seay's motion to relocate.

## V

[¶ 13] In a late-filed reply brief, Darren Seay argues this Court should not consider the appellee's brief because it does not conform to the appellate rules, and he requests sanctions be imposed.

 [¶ 14] This Court "may take appropriate action against any person failing to perform an act required by rule or court order," N.D.R.App.P. 13, and it has discretion in determining whether to administer sanctions for noncompliance with the appellate rules. *Silbernagel v. Silbernagel,* 2007 ND 124, ¶ 21, 736 N.W.2d 441. The rules of procedure are not to be applied differently simply because a party is self-represented. *Rosendahl v. Rosendahl,* 470 N.W.2d 230, 231 (N.D.1991). Svetlana Seay, as a self-represented litigant, is entitled to the same treatment as an attorney or the litigant who has retained the attorney. *See Evenstad v. Buchholz,* 1997 ND 141, ¶ 8, 567 N.W.2d 194.

[¶ 15] Darren Seay cites to *Silbernagel,* 2007 ND 124, 736 N.W.2d 441, for support. In *Silbernagel,* at ¶ 21, this Court assessed attorney fees against Silbernagel's attorney for including material in the appendix and brief that was not part of the record.

[¶ 16] This Court has discretion in determining whether to impose sanctions for noncompliance with the appellate rules. We decline to impose sanctions.

## VI

[¶ 17] We reverse and remand for the district court to reconsider the motion to modify primary residential responsibility and to issue findings on the best interest factors and, depending on its decision on that motion, to consider the motion to relocate.

[¶ 18] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.