# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 108

Zachary Lewis Johnshoy,            Plaintiff and Appellee

      v.

Amanda Sue Johnshoy, n/k/a
Amanda Sue Fry,               Defendant and Appellant

## No. 20200263

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Bonnie P. Humphrey, Minot, N.D., for plaintiff and appellee.

Kyle R. Craig, Minot, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Amanda Johnshoy, now known as Amanda Fry, appeals from a district court order denying her motion to modify primary residential responsibility. On appeal, Fry argues the district court erred in concluding that her affidavit and her child's affidavit had not established a prima facie case warranting an evidentiary hearing. We affirm the district court's order.

I

[¶2]   Fry and Zachary Johnshoy divorced in November 2014, and the court awarded Johnshoy with primary residential responsibility of the parties' two minor children. Since the divorce, Johnshoy has moved to a different city within the state. Fry remarried following the divorce.

[¶3]   In June of 2020, Fry filed a motion to modify primary residential responsibility and parenting time and requested an evidentiary hearing. Fry included two affidavits with the motion—her own and one from the parties' elder child. The district court denied the motion to modify primary residential responsibility, concluding that Fry had not established a prima facie case warranting an evidentiary hearing.

II

[¶4]   Fry argues the district court erred in concluding that she had not established a prima facie case warranting an evidentiary hearing.

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a

date for an evidentiary hearing only if a prima facie case is established.

N.D.C.C. § 14-09-06.6(4).

[¶5] This Court has explained the legal framework of the analysis of a motion to change primary residential responsibility:

> Under N.D.C.C. § 14-09-06.6(6)(a), we have explained that a "material change in circumstances" is an important new fact that was unknown at the time of the prior custody decision. The party moving for a change of primary residential responsibility has the burden of establishing a prima facie case under N.D.C.C. § 14-09-06.6(4) to justify modification before the party is entitled to an evidentiary hearing. Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo.
>
> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Solwey v. Solwey*, 2016 ND 246, ¶ 11, 888 N.W.2d 756 (cleaned up).

[¶6] The substance of Fry's affidavit is twofold. First, she alleges that since the divorce, her living arrangements have improved, while at the same time Johnshoy's have deteriorated. Second, the couple's 10-year-old child has expressed, by affidavit, a desire to live with Fry. Johnshoy submitted a supplemental affidavit in regard to Fry's motion. "The party opposing the motion may attempt to rebut a prima facie case by presenting evidence conclusively demonstrating the moving party is not entitled to a modification, but when the opposing party's evidence merely creates conflicting issues of

fact, the court may not weigh the conflicting allegations when deciding whether a prima facie case has been established." *Charvat v. Charvat*, 2013 ND 145, ¶ 10, 835 N.W.2d 846 (citing *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534).

[¶7] When more than two years have passed since the court established primary residential responsibility, a prima facie case consists of factual allegations sufficient to support a finding of a material change in circumstances and that a change is necessary to serve the best interests of the child. N.D.C.C. § 14-09-06.6(6). A "material change" is an "important new fact that was unknown at the time of the prior custody decision." *Anderson v. Jenkins*, 2013 ND 167, ¶ 8, 837 N.W.2d 374. "Improvements in a non-custodial parent's situation 'accompanied by a general decline in the condition of the children with the custodial parent over the same period' may constitute a significant change in circumstances." *Kelly v. Kelly*, 2002 ND 37, ¶ 20, 640 N.W.2d 38 (quoting *Hagel v. Hagel*, 512 N.W.2d 465, 468 (N.D. 1994)). A parent moving in with a significant other, as well as the remarriage of a parent, may be viewed as a significant change of circumstances. *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924.

[¶8] In her affidavit, Fry points to her marriage and to the stability of her current relationship. Her affidavit states that her home situation has improved and the children have a close relationship with her husband. Her husband is a veteran who receives numerous veterans benefits including health insurance, educational programs, and other benefits that would be to the children's advantage. Fry's affidavit establishes that she has moved twice since the divorce, first when she moved in with her spouse and again when the pair moved to Dickinson. We therefore conclude Fry has satisfied the first prong required to establish a prima facie case for an evidentiary hearing to modify primary residential responsibility.

[¶9] "Satisfying the prong that 'modification is necessary to serve the best interests of the child' at the prima facie case stage requires a factual showing that *could* justify a finding for the moving party that could be affirmed on appeal." *Solwey*, 2016 ND 246, ¶ 20 (citing *Wald v. Holmes*, 2013 ND 212, ¶ 5, 839 N.W.2d 820) (emphasis in original). "To determine whether modifying

primary residential responsibility is necessary to serve the best interests of the child, the district court must consider the applicable N.D.C.C. § 14-09-06.2(1) factors." *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716 (quoting *Vining v. Renton*, 2012 ND 86, ¶ 17, 816 N.W.2d 63). "A prima facie case justifying a modification of primary residential responsibility and, therefore, an evidentiary hearing, is established by a material change in circumstances 'which either "requires" a change of custody for the child's best interests or "fosters" or "serves" the child's best interests.'" *Schroeder*, at ¶ 7 (quoting *Blotske v. Leidholm*, 487 N.W.2d 607, 609 (N.D. 1992)). There must be a showing that the change in circumstances has adversely affected the children. *Id.*

[¶10] Fry's affidavit alleges chaos in Johnshoy's life. She states that he has been in three brief and unstable romantic relationships since the divorce. Fry alleges, and Johnshoy's affidavit confirms, that he has moved twice since the divorce as well as been in three relationships. In one of those relationships, Johnshoy was the victim of an assault that was witnessed by the children. Johnshoy's affidavit confirms that he was assaulted by the brothers of an ex-girlfriend in front of the children. Although he was the victim and not the perpetrator, the assault of Johnshoy was an incident of domestic violence. *See Niemann v. Niemann*, 2008 ND 54, ¶ 15, 746 N.W.2d 3; N.D.C.C. § 14-07.1-01(2). When it is present, "the court shall consider evidence of domestic violence." N.D.C.C. § 14-09-06.2(1)(j). Evidence of a single incident of one parent being victimized by a third party may implicate "the dominant best interests factor," *O'Hara v. Schneider*, 2017 ND 53, ¶ 21, 890 N.W.2d 831, but it is not by itself determinative of the best interests of the children. Fry's affidavit provides no evidence why a change in custody is necessary to prevent adverse effects on the children.

[¶11] The party's 10-year-old child submitted an affidavit expressing a preference to live with Fry. "The preference of a mature child may be particularly significant to the trial court, both in determining whether there has been a significant change of circumstances and in determining the best interests of the child." *Gietzen*, 1998 ND 70, ¶ 10 (citing *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 9, 562 N.W.2d 390). "The maturity of the child is a

4

factually driven issue and will depend on the facts and circumstances of the case." *Solwey v. Solwey ("Solwey II")*, 2018 ND 82, ¶ 20, 908 N.W.2d 690 (quoting *Frueh v. Frueh*, 2009 ND 155, ¶ 16, 771 N.W.2d 593). We have held the district court does not clearly err in finding "a smart, nine-year old girl with a mind of her own, [who] is a straight-A student, and speaks her mind" is not sufficiently mature to testify. *Solwey II*, at ¶ 24. We have also held the district court is not required to hold a hearing to determine whether a child has sufficient maturity to express a residential preference where affidavits showed the 15-year-old child demonstrated a lack of maturity in earning D's and F's in school despite being capable of earning A's. *Miller v. Miller*, 2013 ND 103, ¶¶ 12-13, 832 N.W.2d 327. No evidence was submitted to the district court that would permit an inference that the child is of sufficient maturity to make a sound judgment.

[¶12] The court should consider a mature child's preference only if there are persuasive reasons for that preference. *Id.* at ¶ 6; *Glass v. Glass*, 2011 ND 145, ¶ 18, 800 N.W.2d 691. The child's affidavit states that she wants to live with mom because "she won't get mad. But, I'm scared to tell dad anything because he will get mad." The affidavit states the child gets really nervous around her dad but feels safe around her mom. The affidavit provides no evidence about past instances of Johnshoy getting mad or why he would get mad. The child does not allege specific incidents of Johnshoy's actions that would explain her feeling nervous around him. These statements are conclusory expressions of the child's preference without facts upon which the district court could find the child's reasons persuasive.

[¶13] "[T]o establish a prima facie case that modification is necessary to serve the best interests of the children requires more than the improved circumstances of the party moving to modify primary residential responsibility." *Schroeder*, 2014 ND 106, ¶ 21. Fry's affidavit does not provide facts showing how the change in circumstances has affected the children. She has not provided evidence that the children have suffered physical or emotional harm. She has provided no evidence that the change in circumstances has prevented Johnshoy from providing the children with nurture, love, affection, and guidance. She does not allege that the children's developmental or

5

educational needs are not being met by Johnshoy. While Fry has provided facts, which if proved, would show an improvement in her situation, she has not provided facts that would show a decline in the condition of the children with Johnshoy over the same period. Fry's affidavit fails to show how a change in custody is necessary to serve the best interests of the children and thus fails to establish a prima facie case for modification of primary residential responsibility.

[¶14] Fry also argues that the district court erred in considering evidence from Johnshoy's affidavit in determining whether Fry had established a prima facie case. The district court order, however, specifically stated that the court knew it must not weigh the credibility of conflicting affidavits and may only consider Johnshoy's affidavit to the extent it may conclusively establish that Fry's allegations lacked credibility. The court then discussed Fry's and the child's affidavits, concluding that both affidavits lacked substance. The court did not consider any conflicting allegations from Johnshoy's affidavit in determining whether Fry had established a prima facie case. Under our de novo standard of review, we conclude the record is insufficient to establish a prima facie case that there has been a material change in circumstances.

## III

[¶15] We affirm the district court order.

[¶16] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

6