# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 23

| | |
|---|---|
| Laura Bubel, | Plaintiff and Appellant |
| v. | |
| Joshua Bubel, | Defendant and Appellee |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

### No. 20210263

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Per Curiam.

Elise A. Fischer (argued), and Theresa L. Kellington (on brief), Bismarck, ND, for plaintiff and appellant.

Kristin A. Redmann, Mandan, ND, for defendant and appellee.

# Bubel v. Bubel
## No. 20210263

**Per Curiam.**

[¶1]   Laura Bubel appeals from a district court order denying her motion to modify joint residential responsibility to primary residential responsibility. On appeal, Laura Bubel argues the court erred in concluding she failed to present a prima facie case requiring modification.

[¶2]   Under N.D.C.C. § 14-09-06.6(4), the district court must deny a motion to modify primary residential responsibility unless the court finds the moving party has established a prima facie case justifying a modification. A prima facie case "consists of facts sufficient to support a finding of a material change in circumstances and that a change in residential responsibility is necessary to serve the best interests of the child." *Klundt v. Benjamin*, 2021 ND 149, ¶ 7, 963 N.W.2d 278. A prima facie case justifying a modification of primary residential responsibility and, therefore, an evidentiary hearing, is established by a material change in circumstances "which either 'requires' a change of custody for the child's best interests or 'fosters' or 'serves' the child's best interests." *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716. In cases involving a motion to modify joint residential responsibility under N.D.C.C. § 14-09-06.6(6), the movant must show a material change in circumstances and show modification is necessary to serve the best interests of the child; however, in the context of a relocation case, the movant is not required to show the material change has adversely impacted the child. *Kunz v. Slappy*, 2021 ND 186, ¶ 22, 965 N.W.2d 408 (relying on *Dunn v. Dunn*, 2009 ND 193, ¶ 11, 775 N.W.2d 486).

[¶3]   We need not address whether Laura Bubel has demonstrated a material change in circumstances, because under our de novo standard of review she has not shown how a change to primary residential responsibility is necessary to serve the best interests of the child. *See Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 9, 961 N.W.2d 282 (holding failure to show change is necessary to serve the best interests of the child fails to establish a prima facie case). Laura Bubel has therefore failed to establish a prima facie case for modification of primary

1

residential responsibility, and we summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶4]   Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte