FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
FEBRUARY 18, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 32

Julie Lessard,

Plaintiff and Appellee

v.

Kevin Johnson,

Defendant and Appellant

### No. 20200206

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED IN PART, AND VACATED IN PART.

Opinion of the Court by Jensen, Chief Justice.

Michael L. Gjesdahl (argued) and Kari A. Losee (appeared), Fargo, ND, for plaintiff and appellee.

Kristin A. Overboe, Fargo, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   This case involves three appeals after two limited remands by this Court for additional proceedings in the district court. Kevin Johnson appeals from several district court orders, a second amended judgment, and a third amended judgment. We conclude Johnson's issue, contending the district court had granted a divorce only to Julie Lessard and thereby exceeded its authority, is frivolous and award Lessard $750 in attorney's fees under N.D.R.App.P. 38. We further conclude the court did not err in holding Johnson failed to establish a prima facie case requiring an evidentiary hearing to modify residential responsibility, the court did not err in granting Lessard's motions for a protective order and for sanctions, and its decision allowing Lessard to relocate out of state with the minor children is not clearly erroneous.

[¶2]   While on remand, Johnson filed a cross-motion to change residential responsibility. The district court dismissed the motion, finding the court lacked jurisdiction over a new motion because of the pending appeals. The district court correctly found it was without jurisdiction to decide the motion, but improperly exercised its jurisdiction in dismissing the motion. We therefore vacate the court's March 2021 order dismissing his cross-motion, which remains pending in the district court. We affirm the remaining orders, the second amended judgment, and the third amended judgment.

I

[¶3]   Johnson and Lessard were married in 2006 and have three minor children together. In 2018, Lessard commenced this action for divorce. After a trial, the district court awarded Lessard primary residential responsibility for the children and awarded Johnson parenting time. *Lessard v. Johnson*, 2019 ND 301, ¶ 4, 936 N.W.2d 528. The court also set Johnson's child support obligation at $0 per month, ordered neither party would pay spousal support, divided the parties' marital estate, and held the parties were responsible for their own attorney's fees. *Id.* A divorce judgment was entered, which was later

amended. *Id.* The amended judgment and other post-judgment orders were subsequently affirmed on appeal. *Id.* at ¶¶ 1, 39.

[¶4] In May 2020, Lessard moved the district court to amend the judgment seeking, among other things, an increase in Johnson's child support obligation and equal sharing of liability for the children's additional expenses. Johnson made a countermotion to modify residential responsibility. The court denied his countermotion, and Johnson appealed. In August 2020, the case was remanded for the district court to consider other pending motions, including the motion to amend the judgment, a motion for sanctions, a motion to limit discovery, and a motion to reconsider. After a hearing, the district court issued an order on the pending motions and entered a second amended judgment. Johnson filed a second appeal.

[¶5] In February 2021, while the appeal was pending, Lessard moved this Court to remand the case for the district court to consider a motion to relocate out of state with the minor children. We again issued a limited remand only for the district court to consider the proposed motion. Lessard subsequently filed her motion with supporting documents in the district court, seeking to allow her to relocate to Nebraska. Johnson opposed her motion on remand and, without seeking further leave from this Court, filed a cross-motion to change residential responsibility. The court on remand dismissed his cross-motion and, after a hearing, granted Lessard's motion to relocate. A third amended judgment was entered, and Johnson filed a third appeal.

II

[¶6] Johnson argues the district court exceeded its authority under the North Dakota Century Code by awarding Lessard a divorce and granting both parties the right to remarry and erred by failing to address subject matter jurisdiction after it was raised by Johnson.

[¶7] Generally, under N.D.C.C. § 14-05-01 a marriage is dissolved only "[b]y the death of one of the parties" or "[b]y a judgment of a court of competent jurisdiction decreeing a divorce of the parties." Section 14-05-02, N.D.C.C., provides that "[t]he effect of a judgment decreeing a divorce is to restore the

2

parties to the state of unmarried persons, but neither party to a divorce may marry except in accordance with the decree of the court granting the divorce." *See also* 24 Am. Jur.2d *Divorce and Separation* § 1 (November 2021 Update) ("Divorce is effected by a judicial decree which terminates the marital relationship and changes the legal status of married parties."); 27A C.J.S. *Divorce* § 1 (October 2021 Update) ("When the word 'divorce' is confined to its strict legal sense, it means the legal dissolution of a lawful union for a cause arising after marriage."); *Black's Law Dictionary* 603 (11th ed. 2019) (defining divorce as "[t]he legal ending of a marriage; specif., the legal dissolution of a marriage by a court").

[¶8]   Here, the judgment provides "[Lessard] is awarded an absolute decree of divorce from [Johnson] on the grounds of irreconcilable differences, all in accordance with the provisions of the North Dakota Century Code." *See* N.D.C.C. § 14-05-09.1 ("Irreconcilable differences are those grounds which are determined by the court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved."). The judgment also specifically states that "[e]ach party is free to remarry at any time after entry of Judgment herein."

[¶9]   The parties' marital relationship was dissolved, and the amended divorce judgment was affirmed. *Lessard*, 2019 ND 301. Johnson nevertheless argues that the district court only granted Lessard a divorce, failed to grant both parties a divorce, and the court lacks jurisdiction to take any further action. The court granted Lessard a divorce from Johnson and specifically decreed that both parties could remarry. There is no ambiguity in the judgment that the divorce is mutual.

[¶10] Johnson's reading of the judgment to grant Lessard a divorce from Johnson but not grant Johnson an award of divorce from Lessard is nonsensical and frivolous. We conclude Johnson's argument on appeal is flagrantly groundless, devoid of merit and demonstrates persistence in the course of litigation evidencing bad faith. We therefore order Johnson pay attorney's fees in the amount of $750 under N.D.R.App.P. 38. *See Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 18, 856 N.W.2d 775 (holding appeal asserted

numerous frivolous arguments and ordering attorney's fees and costs); *In re Hirsch,* 2014 ND 135, ¶ 15, 848 N.W.2d 719 (same).

## III

[¶11] Johnson argues the district court erred in its July 2020 order by finding he failed to establish a prima facie case warranting an evidentiary hearing on modification of the parties' residential responsibility.

[¶12] We have explained when an evidentiary hearing must be held for a motion to change residential responsibility within two years of a determination:

> Section 14-09-06.6, N.D.C.C., governs post-judgment primary residential responsibility modification, and when a party moves to modify residential responsibility within two years after an order establishing residential responsibility, the court applies a stricter or more rigorous modification standard. *See* N.D.C.C. § 14-09-06.6(5); *In re N.C.M.,* 2013 ND 132, ¶ 9, 834 N.W.2d 270; *Laib v. Laib,* 2008 ND 129, ¶ 8, 751 N.W.2d 228. To obtain an evidentiary hearing on a motion for modification, the party seeking the modification must first establish a prima facie case under N.D.C.C. § 14-09-06.6(4).

*Lucas v. Lucas,* 2014 ND 2, ¶ 7, 841 N.W.2d 697; *see also* N.D.C.C. § 14-09-06.6(3) ("The time limitation in subsections 1 and 2 does not apply if the court finds: a. The persistent and willful denial or interference with parenting time; b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or c. The primary residential responsibility for the child has changed to the other parent for longer than six months."). Under N.D.C.C. § 14-09-06.6(5), a district court may not modify primary residential responsibility within the two-year period unless the moving party establishes that:

> [A] change in primary residential responsibility is in the child's best interests *and* the persistent and willful denial of parenting time, the child's present environment endangers the child's physical or emotional health or impairs the child's emotional

4

development, or the primary residential responsibility for the child has changed to the other parent for longer than six months.

*Stoddard v. Singer*, 2021 ND 23, ¶ 23, 954 N.W.2d 696.

[¶13] A "prima facie case" under N.D.C.C. § 14-09-06.6(4) requires facts showing there could be a change in custody if proven at an evidentiary hearing, and requires only enough evidence "to permit a factfinder to infer the fact at issue and rule in the moving party's favor." *Kerzmann v. Kerzmann*, 2021 ND 183, ¶ 8, 965 N.W.2d 427 (quoting *Klundt v. Benjamin*, 2021 ND 149, ¶ 6, 963 N.W.2d 278). In *Frueh v. Frueh*, we stated:

> A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law. A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. A prima facie case is only "enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." It is a bare minimum.

2008 ND 26, ¶ 6, 745 N.W.2d 362 (quoting *Lagro v. Lagro*, 2005 ND 151, ¶ 17, 703 N.W.2d 322, overruled on other grounds by *Green v. Green*, 2009 ND 162, ¶ 5, 772 N.W.2d 612). We further explained:

> Allegations alone do not establish prima facie evidence requiring an evidentiary hearing. Affidavits must be competent in order to establish a prima facie case; competence usually requires that the witness have first-hand knowledge, and witnesses are generally not competent to testify to what they suspect the facts are. Affidavits are not competent when they fail to show a basis of actual personal knowledge or if they state conclusions without the support of evidentiary facts.

*Frueh*, at ¶ 6 (citations omitted). "When the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, the district court, under N.D.C.C. § 14-09-06.6(4), can find the moving party has not established a prima facie case and deny the motion without an evidentiary hearing." *Frueh*, at ¶ 7. "Whether a moving

party has established a prima facie case for a modification of primary residential responsibility is a question of law which this Court reviews de novo on appeal." *Kerzmann*, at ¶ 6 (quoting *Baker v. Baker*, 2019 ND 225, ¶ 7, 932 N.W.2d 510); *see also Green*, 2009 ND 162, ¶ 5.

[¶14] Johnson argues the district court erred in applying the law in its July 2020 order on counter motion finding no prima facie case. He broadly asserts that Lessard has severely hampered his parenting time and communication with the children and completely disregarded his role as a parent. He contends the court's conclusion regarding conclusory and hearsay statements is correct, but argues this would have no bearing on his right to an evidentiary hearing. Lessard responds, however, that Johnson's affidavit contained numerous instances of hearsay and his alleged complaints did not in fact violate the divorce judgment.

[¶15] Here, the district court concluded Johnson failed to establish a prima facie case. The court addressed his assertions in detail, specifically holding he failed to show anything other than conclusory or hearsay statements that the children would prefer to live with him and that Lessard acted inappropriately towards or interfered with his romantic interests. The court held his conclusions and suspicions were insufficient to justify modification. To the extent the court in its initial order applied a wrong legal standard, suggesting Johnson failed to establish a "material change in circumstances," this error is harmless since his burden to establish a prima facie case would be greater, *i.e.*, stricter or more rigorous, within the two-year period.

[¶16] On the basis of our review of the parties' submissions, Johnson failed to provide prima facie evidence showing that the persistent and willful denial or interference with parenting time, the children's present environment may endanger the children's physical or emotional health or impair the children's emotional development, or the primary residential responsibility for the children has changed to him for longer than six months. The district court, therefore, did not err in holding Johnson failed to establish a prima facie case warranting an evidentiary hearing at the time of his motion.

# IV

[¶17] Johnson argues the district court erred in granting Lessard's motion for a protective order. The protective order limited Johnson's discovery to Lessard's 2019 tax returns and 2020 year-to-date income information.

[¶18] A district court's decision whether to grant a protective order limiting discovery is reviewed for an abuse of discretion. *See* N.D.R.Civ.P. 26(c)(1); *Riedlinger v. Steam Bros., Inc.*, 2013 ND 14, ¶ 11, 826 N.W.2d 340; *Burris Carpet Plus, Inc. v. Burris,* 2010 ND 118, ¶ 49, 785 N.W.2d 164. As this Court has explained:

> A district court has broad discretion regarding the scope of discovery, and this Court will not reverse on appeal absent an abuse of discretion. An abuse of discretion by the district court is never assumed, and the burden of proof is on the party seeking relief to establish it. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. We will not overturn the district court's decision merely because it is not the decision we may have made if we were deciding the motion.

*W.C. v. J.H.*, 2019 ND 171, ¶ 6, 930 N.W.2d 181 (citations omitted).

[¶19] Johnson argues that he was entitled to discovery of relevant financial information. He argues the tax returns alone do not reflect Lessard's current financial situation, nor do they show her employment records and whether she is unemployable in North Dakota. He asserts the information was relevant at the time of the requests and is more so now since Lessard has been granted permission to relocate out of state on that information.

[¶20] Here, in the context of the pending motions, the district court agreed that Johnson's interrogatories and document requests were oppressive, unduly burdensome, and the burden of answering them outweighed their marginal benefit. The court concluded that it possessed sufficient information to resolve the pending motion to amend the judgment and was not likely to change or require supplementation.

7

[¶21] Johnson has not affirmatively established the district court abused its discretion in granting the protective order.

V

[¶22] Johnson argues the district court erred or exceeded its jurisdiction by dismissing his cross-motion to change residential responsibility following this Court's order remanding for the limited purpose of considering and disposing of Lessard's motion to relocate. He asserts his cross-motion is still pending because the district court's March 2021 order is invalid.

[¶23] Generally, the district court loses jurisdiction when a notice of appeal is filed. *Holkesvig v. Grove*, 2014 ND 57, ¶ 16, 844 N.W.2d 557. We have discussed exceptions to the rule explaining that "the district court retains certain inherent authority or power, and thus jurisdiction, to address certain collateral matters in order to act after a notice of appeal has been filed." *Id.* (discussing "collateral matters" for which jurisdiction is retained). A district court also retains jurisdiction to enter "orders under its inherent power to control its docket and enjoin abusive litigation." *Id.* at ¶ 19. Nevertheless, when a case is remanded, "the duty of the lower court is to comply with the mandate of this Court." *In re Disciplinary Action Against McKechnie*, 2003 ND 170, ¶ 10, 670 N.W.2d 864 (citing *Dobler v. Malloy*, 214 N.W.2d 510, 514 (N.D. 1973)).

[¶24] This Court's order of remand in February 2021 limited the district court to consideration of Lessard's motion to relocate, ordering the case "be temporarily remanded to the trial court for the limited purpose of consideration and disposition of a motion to relocate." In its March 2021 order dismissing his cross-motion, the district court correctly concluded that it did not have jurisdiction on limited remand to consider the cross-motion. However, the court also "summarily denied" and dismissed his cross-motion to change residential responsibility. We conclude that while the district court had jurisdiction to enter its April 2021 order granting Lessard's motion to relocate and for entry of a third amended judgment, the court did not have jurisdiction to summarily deny and dismiss Johnson's cross-motion in its March 2021 order. We vacate the district court's March 2021 order summarily dismissing Johnson's cross-motion. His motion therefore remains pending in the district court.

8

[¶25] We are mindful our decision in this case leaves the district court in an unusual procedural posture, having already granted Lessard's motion to relocate and still having to resolve Johnson's pending motion for a change in primary residential responsibility. In *Seay v. Seay*, 2015 ND 42, ¶ 3, 859 N.W.2d 398, the parent with primary residential responsibility requested approval from the district court to relocate with the parties' minor child. The party without primary residential responsibility opposed the motion and in addition moved to modify residential responsibility. When faced with such competing motions, we held the district court should first analyze the best interests factors under N.D.C.C. § 14-09-06.2 before denying the motion to modify residential responsibility. *Seay*, at ¶ 12. Only if the court determines, after applying the best interests factors, that the motion for primary residential responsibility should have been denied, should the court analyze the *Stout-Hawkinson* factors for the motion to relocate. *Id.*

[¶26] While *Seay* provides proper guidance for a district court deciding competing motions to relocate and to modify residential responsibility, *Seay* does not apply to the procedural circumstances of the present case. Unlike *Seay*, this case involves a limited remand by this Court for the district court to consider a motion to relocate. Johnson was properly allowed by the district court to provide a full defense to the motion to relocate. However, Johnson did not seek leave from this Court to expand the remand to allow the district court to consider a new motion to modify residential responsibility. Unlike *Seay*, and consistent with Johnson's own argument on appeal, the district court lacked jurisdiction over his motion. Johnson's motion for modification of primary residential responsibility was not properly before the district court, and the district court was without authority to decide the motion.

VI

[¶27] Johnson argues the district court erred or abused its discretion in granting Lessard's motion to relocate to Nebraska with the minor children in its April 2021 order. Under N.D.C.C. § 14-09-07(1), "[a] parent with primary residential responsibility for a child may not change the primary residence of the child to another state except upon order of the court or with the consent of

the other parent, if the other parent has been given parenting time by the decree." "The parent moving for permission to relocate has the burden of proving by a preponderance of the evidence the move is in the child's best interests." *Norby v. Hinesley*, 2020 ND 153, ¶ 6, 946 N.W.2d 494 (quoting *Green v. Swiers*, 2018 ND 258, ¶ 5, 920 N.W.2d 471).

[¶28] To decide whether relocation is in the children's best interests, the district court applies the four factors outlined in *Stout v. Stout*, 1997 ND 61, ¶¶ 33-34, 560 N.W.2d 903, as modified in *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144:

> 1. The prospective advantages of the move in improving the custodial parent's and child's quality of life,
> 2. The integrity of the custodial parent's motive for relocation, considering whether it is to defeat or deter visitation by the noncustodial parent,
> 3. The integrity of the noncustodial parent's motives for opposing the move,
> 4. The potential negative impact on the relationship between the noncustodial parent and the child, including whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent's relationship with the child if relocation is allowed, and the likelihood that each parent will comply with such alternate visitation.

*Norby*, 2020 ND 153, ¶ 6 (quoting *Stout*, at ¶¶ 33-34; *Hawkinson*, at ¶¶ 6, 9). "No single factor is dominant, and what may be a minor factor in one case may have a greater impact in another." *Norby*, at ¶ 6 (quoting *Green*, 2018 ND 258, ¶ 5). A district court's decision on a motion to relocate is a finding of fact that will not be reversed on appeal unless clearly erroneous. *Norby*, at ¶ 5. Johnson argues the district court clearly erred by granting Lessard's motion for relocation before deciding his cross-motion for change of residential responsibility. He further challenges the findings on the *Stout-Hawkinson* factors as clearly erroneous. Lessard responds that the court correctly applied the law and the factual record supports its findings.

[¶29] Regarding the first factor, Johnson contends Lessard's prospective employment in Nebraska cannot support a finding of improving her life and the children's quality of life because the economic benefit of relocation is not substantial and the district court could not make findings on Lessard's financial situation since the court did not allow discovery on it. Johnson also challenges the court's findings on the second factor contending Lessard's prospective employment focuses on her wishes and not what is in the children's best interests.

[¶30] Regarding the third factor, Johnson asserts the district court correctly determined this factor does not favor relocation, but he asserts the court failed to recognize Johnson's motives or to provide for the best interests of the children in all aspects of their lives. Regarding the fourth factor, Johnson's argument appears to be largely speculative. He contends it is "clear" Lessard will not comply with extended parenting time and virtual communication and will most likely use her final decision-making power to trump Johnson's communication rights under the judgment. He therefore asserts the court did not sufficiently consider the potential negative impact.

[¶31] Here, the district court made specific findings of fact and discussed each of the factors in reaching its decision. The court determined that factors one, two, and four of the *Stout-Hawkinson* factors supported relocation. The court found factor three did not support relocation because Johnson's motives are based on his desire to maintain his relationship and contacts with his children. While the factor regarding Johnson's motives for opposing relocation was important, the court held that it did not outweigh the other three factors. The court decided application of the factors established that relocation was in the children's best interests.

[¶32] Evidence in the record supports the district court's findings of fact, and the court's decision is not clearly erroneous.

## VII

[¶33] Johnson argues the district court erred or abused its discretion by denying attorney's fees to him and ordering sanctions against him under

N.D.R.Civ.P. 11 in its September 2020 order. "A court may award attorney fees and costs to remedy the abuse caused by successive frivolous post-judgment motions under N.D.R.Civ.P. 11 and N.D.C.C. §§ 14-05-23 or 28-26-01(2)." *Hoffarth v. Hoffarth*, 2020 ND 218, ¶ 11, 949 N.W.2d 824; *see also Leverson v. Leverson*, 2011 ND 158, ¶ 15, 801 N.W.2d 740. Here, the district court specifically found that Johnson's motion to change residential responsibility had not been brought in good faith, that his factual contentions did not have evidentiary support, and that his motion had caused Lessard to incur unnecessary legal fees. We conclude Johnson has not affirmatively established on appeal that the district court erred or abused its discretion in ordering sanctions against him.

## VIII

[¶34] We have considered Johnson's remaining arguments and deem them either unnecessary to our decision or without merit. The district court's March 2021 order is vacated; and the remaining appealed orders, the second amended judgment, and the third amended judgment are affirmed. We award Lessard $750 in attorney's fees under N.D.R.App.P. 38.

[¶35] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

12